Argued July 10; affirmed July 23, 1935

KEENEY *v.* CITY OF SALEM ET AL.

(47 P. (2d) 852)

*Fred Williams* and *Guy O. Smith,* both of Salem, for appellant.

*Chris J. Kowitz,* of Salem, for respondent.

CAMPBELL, C. J. Plaintiff seeks to recover damages against the City of Salem, a municipal corporation, and E. C. Charlton, one of the city's police officers.

She alleges in effect that she received her injuries through the recklessness and negligent acts of the police officer; that the city owns and maintains an automobile for the use of the members of the police department in the performance of their several duties in matters

connected therewith; that, with the permission of the officers of the city, it was "frequently used by various ordinary police officers of the city for their own accommodation and convenience and pleasure and for the personal accommodation of certain officers of said city"; that on October 3, 1932, at about 10:15 p. m., the chief of police of the city directed and instructed defendant Charlton to convey the mayor of the city from the city hall to his home some twenty blocks distant, in the car owned and maintained by the city for the use of its police department "as a matter of convenience and accommodation only"; that, at said time and in conveying the mayor to his home, the defendant Charlton was not using the said automobile in connection with any of the duties of an officer of the city. She then alleges the negligent acts of defendant Charlton in driving the car; its collision with, and the injuries to, the plaintiff by reason of said negligent acts; the amount of her damage for which she prays judgment.

Defendant City of Salem filed a general demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against the city. Defendant Charlton filed a motion which has not been disposed of and which is immaterial to the question presented here. The demurrer of the city was sustained. Plaintiff, refusing to further plead, judgment of dismissal as against the City of Salem was entered. Plaintiff appeals.

"* * * an action or suit may be maintained against any of the other public corporations in this state mentioned in section 5-501 [Oregon Code] in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or commission of such other public corporation; * * *" Oregon Code 1930, § 5-502.

There is no contention that the charter of the City of Salem authorized the municipality to furnish transportation for the mayor. Neither is it claimed that the city council ever authorized the police department to use a city automobile to convey the mayor to or from the city hall; nor is it asserted that it was within the scope of the authority of the city, through its governing body or any of its officers, to supply taxi service for the private "matter of convenience and accommodation" of the mayor of the city.

The law relating to the liability of municipalities for personal injuries caused by the negligent acts of its officers seems to be well settled. The consensus of authorities is concisely set out in a valuable work on municipal corporations:

"Most of the litigation involving the liability of municipalities for torts has related to personal injuries. In this class of cases, five questions must be answered in the affirmative in order to warrant a recovery, namely:

1. Was the duty violated connected with a private or corporate duty as distinguished from a governmental duty?

2. Was the negligent person a servant of the municipality sought to be charged with the negligence?

3. Was the act in connection with which the tort was committed within the corporate powers of the municipality, i.e., not ultra vires?

4. Was the offending officer or servant acting within the scope of his authority, or, if not, was his act subsequently ratified by the municipality?

5. Was the municipality guilty of negligence, if the case is one where negligence must be shown, and was the plaintiff free from contributory negligence and not precluded from recovery, if a servant of the municipality,

by the assumption of risk or fellow-servant rule?" 6 McQuillan Municipal Corporations, (2d Ed.) § 2780, p. 749.

To the same effect see 47 C. J. [§ 1719 (3)] 942; 19 R. C. L. § 415, p. 1139.

The same doctrine, in effect, is announced in *Antin v. School District No. 2*, 130 Or. 461 (280 P. 664, 66 A. L. R. 1271), and the cases cited therein. We have not overlooked *Rice v. City of Portland*, 141 Or. 205 (7 P. (2d) 989, 17 P. (2d) 562), which is easily distinguishable from the facts in the instant case.

Applying these well-established principles to the instant case:

(1) The injury inflicted on plaintiff was not done in connection either with the governmental, corporate, proprietary, or private capacity of the City of Salem.

(2) Defendant Charlton was a servant of the municipality but not acting within the scope of his authority at the time the injury complained of occurred.

(3) The act of furnishing free taxi service to the mayor was not within the corporate powers or duties of the City of Salem. It was *ultra vires.*

(4) The officer, at the time of the injury complained of, was clearly acting outside the scope of his authority and his action was never ratified by the city.

(5) There is no negligence charged against the city in the complaint. There is no charge that the city, acting through its governing body, authorized or had power to authorize the use of the automobile or the services of defendant Charlton for the purpose of conveying the mayor to or from his home.

It would serve no useful purpose to give a resume of the several cases in the state of Oregon where it has

been attempted to hold a municipality liable for the negligent acts of its servants outside the scope of the authority of the servant or outside the power of, or duty devolving upon, the municipality. It is sufficient to say that through all those decisions the foregoing principles are recognized and adhered to.

The judgment of the circuit court will be affirmed. It is so ordered.

RAND, J., did not participate in this decision.