## TIRRELL v. OSBORN.

### No. 560.

Municipal Court of Appeals for the District of Columbia.

Nov. 12, 1947.
Motion for Modification Denied Dec. 5, 1947.

Jaquelin A. Marshall, of Washington, D. C., for appellant.

H. Russell Bishop, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant sued appellee for damage to various articles of furniture and furnishings and loss of others contained in a residence rented for approximately four years under a lease providing that at the expiration of his tenancy appellee "shall surrender the said premises, together with all household furnishings as per inventory, in the like good order in which they are received, ordinary wear and tear and loss or damage by fire and storm or other casualty not caused by the negligence of the lessee excepted."

Appellant claimed specific items of loss and damage totaling $2,113.84 and also claimed $886.16 for alleged loss of rental due to the condition of the furnishings at the expiration of the lease. The trial court, sitting without a jury, disallowed completely the claim for loss of rental and allowed only $83.80 for the loss of three specific items. From this judgment plaintiff has appealed on the ground that her total claim was justified by the evidence and that the judgment was plainly wrong.

The residence involved was a large one, renting furnished at $475 per month. It was completely furnished not only with furniture but with glassware, china, curtains and rugs. A large proportion of the furniture and furnishings were described as antiques. Appellant claimed either loss or damage to more than two hundred items. In general the position of appellee was and is that all of the loss and damage complained of was due to ordinary wear and tear. The trial court allowed appellant $15.80 on account of an item of fuel oil, $18 on account of a copper lustre pitcher listed as missing, and $50 for a pair of sandwich glass lamps which were broken. All other items were disallowed.

In the view we take of the case it is unnecessary to discuss the items in detail. Among other items claimed to be missing was a water color painting for which appellant claimed $115. The trial judge made a finding on this item that appellant had testified that this painting was a gift to her from her sister and that her sister had paid $115 for it. The judge added: "Obviously this is not satisfactory evidence as to the value of the item, and there is no other satisfactory evidence pertaining to its value. It is not considered that the Court can speculate as to its value."

The statement of proceedings and evidence, however, shows that appellant testified that her sister had paid $100 for it in 1929 and that the frame had cost $15; also that a check relating to such picture was offered in evidence but excluded; also that another witness who was familiar with this water color and had herself painted testified that the picture was worth at least $100 and the frame at least $25. No contrary evidence was offered.

While the rule is firmly established that a finding of the trier of the facts supported by evidence will not be disturbed on appeal, the statute creating this court [1] makes a distinction between verdicts of juries and judgments rendered by the court sitting without a jury, and in the latter case authorizes this court to review both as to the facts and the law, subject to the restriction, however, that in such case the judgment of the trial court shall not be set aside except for errors of law or unless it appears that the judgment is plainly wrong or without evidence to support it. We must hold that the judgment in this case is plainly wrong. While a trial court is not bound to accept estimates of value, it is not entitled to totally disregard evidence such as was introduced here. Although appellant's testimony as to the cost of this picture was clearly hearsay, it was not objected to and, furthermore, an expert gave testimony as to the value of both the picture and its frame. Under such circumstances we believe the trial court was plainly wrong in making no allowance on account of this item.

We have mentioned the water color because of the obviousness of the error in disallowing the claim therefor. We have examined in detail the findings and summaries of evidence and are satisfied there were other items as to which appellant was entitled to at least some recovery. One

---

[1] Code 1940, Supp. V, § 11—772(c).

other small example was a pewter tray listed as missing and for which appellant testified she paid $20. The trial court also refused to recognize this item because it found no satisfactory testimony of value. That the purchase price of items of personal property is one of the elements of value is generally conceded.[2]

Since the case must be retried, we comment briefly on the trial court's general finding that all of the damage, with the exceptions noted, was due to "ordinary wear and tear." The expression is a usual one and has been defined as the wear which property undergoes when the tenant does nothing more than to come and go and perform the acts usually incident to an ordinary way of life. Stated otherwise ordinary wear and tear is the depreciation which occurs when the tenant does nothing inconsistent with the usual use and omits no acts which it is usual for a tenant to perform.[3]

Here the damage complained of, in addition to the loss or breakage of glass and china, consisted largely of scarring and staining of furniture and loss of parts of furniture. It is impossible to lay down a general rule as to such items, because some people are more careful of their belongings than others. In this case an expert in repairing furniture testified he had gone over the home just before appellee moved in and had put all furniture in first class condition; that he had gone over it again after appellee vacated and that the furniture had been "badly treated" and showed more than usual wear and tear. He said that stains on top of furniture were from alcohol, food, water, etc. The opposing testimony was more general and was to the effect that appellee, his family and guests were conservative and well-behaved. While we do not say that on the whole evidence the trial judge was required to decide this issue for the plaintiff, we are clearly of the opinion that he was in error in not awarding a recovery on at least some of the items.

With respect to appellant's claim for loss of rental value due to the condition of the premises we have concluded that the evidence sufficiently supports the finding of the trial court. For the reasons already stated, however, the judgment must be reversed and a new trial ordered.

Reversed, with instructions to award a new trial.

---

[2] Greyvan Lines, Inc. v. Nesmith, D.C. Mun.App., 50 A.2d 434.

[3] Taylor v. Campbell, 123 App.Div. 698. 108 N.Y.S. 399, 401.