## McMICKLE v. NICKENS.

### No. 1465.

Municipal Court of Appeals for the District of Columbia.

Submitted March 15, 1954.

Decided April 13, 1954.

John J. Dwyer, Washington, D. C., for appellant.

Wilbur W. Sewell, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Plaintiff's automobile was struck and damaged by a truck owned by defendant and driven by his twenty-nine year old son. Plaintiff sued defendant and pitched her case solely on that part of Code 1951, § 40–403, which provides:

"Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person oth-

er than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

Defendant testified that he had two sets of keys for the truck and kept one set on his person and the other hanging on the wall in his home; that his son lived with him but did not have permission to drive the truck.

The trial court found against plaintiff and she has appealed.

■ The Code provision above quoted has been the subject of many judicial opinions. In Simon v. Dew, D.C.Mun.App., 91 A.2d 214, 215–216, we summarized our view of the law to be: "(1) Once the defendant's ownership has been established, the statute creates a presumption of agency which places the burden of proof as to the question of consent upon the defendant-owner. (2) The defendant-owner overcomes the statutory presumption when he offers uncontradicted proof that the automobile was not at the time being used with his permission. When the presumption is thus overcome, the defendant-owner is entitled to a favorable finding as a matter of law. (3) Where the defendant-owner offers some credible evidence to overcome the presumption, but evidence not strong enough to entitle him to judgment as a matter of law, the question of liability resolves itself into a question of fact."

■ In the present case we have an admission of ownership and thus the presumption of agency. We also have evidence which, if believed, would tend to overcome that presumption. Thus an issue of fact was presented on the question of consent. The trial court found that defendant's denial of consent overcame the presumption. Such finding cannot be ruled erroneous as a matter of law.

Affirmed.