**DISTRICT OF COLUMBIA, a municipal corporation, Appellant,**

**v.**

**David ABRAMSON and Home Insurance Company of New York, a corporation, Appellees.**

**No. 2272.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 18, 1958.

Decided Feb. 24, 1959.

---

Ted D. Kuemmerling, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., were on the brief for appellant.

Philip Shinberg, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

A truck owned by the District of Columbia, assigned to the Recreation Department, and operated by one Holloway, an employee of that Department, negligently collided with and damaged an automobile owned and operated by David Abramson. He and his insurer sued the District and Holloway for damages. Holloway, who is no longer employed by the District, did not appear and was not represented by counsel. Trial was had without a jury and at its completion the trial court found that "at the time and place in question the vehicle was operated with the implied consent of the District of Columbia Government," and the court ruled that the District was responsible for the damages incurred. Accordingly judgment was entered against both the District and Holloway.

On this appeal the District assumes, but does not concede, that the Motor Vehicle Safety Responsibility Act[1] is applicable

to it. We proceed on the same assumption.[2]

The first point raised by the District is that there was no basis in the testimony to support the finding that at the time of the accident the truck was being operated with the consent of the District. The evidence disclosed that the truck in question was the only truck assigned to the Recreation Department and Holloway was its only driver. The truck was kept at the warehouse and Holloway reported there for duty at 8:30 a. m. His first duty was to make the "mail run", which included picking up the mail and calling at various agencies. Usually he returned from this run about 11:30 a. m. He then helped around the warehouse, and after his lunch hour he would go out on deliveries. He had no fixed lunch hour and sometimes brought his lunch and ate it at the warehouse.

The accident here involved occurred at about noontime in front of Holloway's home as he drove the truck out from the curb where it had been parked. A police officer, who investigated the accident and who arrived at the scene about ten minutes after its occurrence, asked Holloway what he was doing there. Holloway replied that he was home for lunch, that he had been doing this for years and it was perfectly all right.

Except for this extrajudicial and exculpatory statement of Holloway, the only proof that he was at the time of the accident operating the truck with the consent of the District was proof of the ownership of the vehicle by the District, which by reason of the statute constituted "prima facie evidence" that Holloway was operating with the consent of the District.[3] This statutory presumption placed on the Dis-

---

1. Code 1951, Supp. VI, § 40–417 et seq.

2. See Capital Transit Co. v. District of Columbia, 96 U.S.App.D.C. 199, 225 F. 2d 38, holding that the Owners' Financial Responsibility Act, now repealed, did not apply to the District. In this connection, compare the definition of "person" under the former act (Code 1951, § 40–413) with the definition of "person" under the present act (Code 1951, Supp. VI, § 40–418).

3. Code 1951, Supp. VI, § 40–424.

trict the burden of proving that the truck at the time of the accident was not operated with its express or implied consent. Uncontradicted proof that it was not being operated with consent of the District would overcome this presumption.[4] Our question is whether there was such proof.

To overcome the presumption the District offered four witnesses—the business manager of the Recreation Department, the property and supply officer, the warehouse supervisor, and the assistant warehouse supervisor—and all testified that Holloway did not have permission to use the truck for the purpose of going home to lunch. In addition there was received in evidence a regulation of the Commissioners of the District of Columbia requiring that government-owned vehicles be used exclusively for official purposes. It is our opinion that this evidence sufficiently overcame the statutory presumption and left no evidence which would support the trial court's finding that at the time of the accident the truck was being operated with the consent of the District.

Appellees suggest that on the day in question Holloway may have had a delivery which required him to pass in the vicinity of his home, and that since his lunch hour was not fixed he had the right to stop at his home for lunch. This, however, is pure conjecture. The records of the Recreation Department for that day showed no deliveries in the vicinity of Holloway's home.

Appellees also suggest that it is possible some District official, other than those testifying, may have given Holloway permission to use the truck to go home for lunch. This likewise is mere conjecture. And even if some official had attempted to give such permission it would not have been binding on the District, for it is generally held that it is beyond the power of a municipal corporation or its officials to consent to the use of an official vehicle for a purely private purpose.[5]

Reversed with instructions to enter judgment in favor of the District of Columbia.

4. See opinion of this court by the late Judge Clagett in Conrad v. Porter, D.C. Mun.App., 79 A.2d 777, affirmed 90 U.S. App.D.C. 423, 196 F.2d 240.

5. See Irolla v. City of New York, 155 Misc. 908, 280 N.Y.S. 873; Aspinall v. City of New York, 221 App.Div. 753, 223 N.Y.S. 501, affirmed 246 N.Y. 644, 159 N.E. 685; Brindamour v. Murray, 7 Cal.2d 73, 59 P.2d 1009; Keeney v. City of Salem, 150 Or. 667, 47 P.2d 852.