John A. LOVE and Imperial Insurance Incorporated, Appellants,

v.

Walter GASKINS, Appellee.

No. 2375.

Municipal Court of Appeals for the District of Columbia.

Argued April 13, 1959.

Decided July 21, 1959.

---

William Bogen, Washington, D. C., with whom Samuel Barker and Seymour Korn, Washington, D. C., were on the brief, for appellants.

Austin F. Canfield, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

About 5:00 o'clock in the morning of February 6, 1958, appellant Love was awakened and informed that his automobile, which he had parked on the left side of a one-way street, had been struck by another automobile and the driver of the striking car had driven away without identifying himself. Love's informant, however, had obtained the license number of the striking vehicle and investigation disclosed that such license had been issued to appellee Gaskins. About a week later Gaskins met with Love and denied that he had been driving his automobile at the time of the accident and denied knowing that anyone else was driving it at that time, but he admitted "that it could have been his car that was involved." At this meeting Love observed that the left front fender of Gaskins' automobile had been damaged.

Action was brought by Love and his insurance carrier against Gaskins. At trial Gaskins again denied that he was driving the car and denied that he had authorized anyone else to drive it; but the jury returned a verdict against him. On motion the trial court set aside the verdict and ordered judgment for Gaskins. Our only question is whether the trial court was correct in granting judgment n. o. v.

According to the record the basis of the trial court's action was "those cases which purport to hold that the presumption of authority raised by the Financial Responsibility Section of the D.C.Code is overcome by the uncontradicted evidence that the vehicle was not being used with the owner's consent." The statutory presumption created by our Motor Vehicle Safety Responsibility Act applies only when a motor vehicle is operated "by any person other than the owner." Code 1951, § 40–424, Supp. VII. While Love's proof was limited to proof of ownership, this proof warranted an inference that the automobile was being driven by Love *or* his agent. In Curry v. Stevenson, 58 App.D.C. 162, 163, 26 F.2d 534, 535, it was said:

"It has come to be the general rule that, in an action for injuries resulting from being struck by an automobile, proof that the automobile was owned by the defendant at the time of the accident establishes a prima facie case for the plaintiff. In other words, proof of

defendant's ownership of an automobile that has been driven on the public highway warrants the inference that it was in his possession, either personally or through his servant, the driver, and that the driver was acting within the scope of his employment."

Our Motor Vehicle Safety Responsibility Act, and its predecessor, Owners' Financial Responsibility Act,[1] went a step further by providing that one operating a motor vehicle with the express or implied consent of the owner, in case of accident, shall be deemed to be the agent of the owner, and that proof of ownership constitutes prima facie evidence of the owner's consent.

On the proof of ownership in this case the jury could have found that Gaskins himself was driving his automobile. If this was so found, no question of agency and consent would be involved. On the other hand, if the jury found that someone other than Gaskins was the driver, the statutory presumption of consent would apply.

Whether dealing with the common law presumption that the owner or his agent was operating the car, or the statutory presumption of consent of the owner, the evidence sufficient to overcome the presumption as a matter of law seems to be the same. In the Curry case it was said that "uncontradicted proof that in fact an automobile was not in the possession of the owner or his servant or agent" makes the question one for the court, and not the jury. 58 App.D.C. 162, 163, 26 F.2d 534, 535. With respect to the statutory presumption of consent this court recently said: "If the presumption is overcome by uncontradicted proof—and this may be done by the positive testimony of the owner—the defendant is entitled to a directed verdict as a matter of law." Stumpner v. Harrison, D.C.Mun.App., 136 A.2d 870, 871. In that case we also stated that if "the evidence contains inconsistencies and self-contradictions or is reasonably subject to contradictory interpretations, the question is one of fact for jury determination."

Our question then is whether Gaskins' evidence that neither he nor anyone with his consent was driving the car was so uncontradicted as to justify withdrawal of the question from the jury.

Gaskins testified that on the night of the accident he was staying at his sister's home, that he had been driving his automobile early in the evening but returned about 11:00 or 12:00 p. m., parked his automobile in front of the house, and that when he entered the home everyone had retired and he proceeded to his room. On the other hand, his sister testified that he came in about 10:00 or 11:00 p. m., and that she and her husband retired shortly after he arrived. Gaskins also testified that sometime during the night he had heard someone come into the home and he identified this person as a nephew of his sister's husband; but his sister testified that the only persons in the house that night were herself, her husband, their four minor children and Gaskins. She also testified that when she left the house at 3:30 in the morning she saw her brother asleep in one of the bedrooms. These inconsistencies may not appear to be of great significance, but they must be considered with certain other evidence. For example, Gaskins testified there was only one set of keys to his automobile, and he placed them in his coat pocket when he went to sleep and they were still there the next morning. He also testified that on that morning his automobile was parked where he left it the night before. It is hardly probable that a thief or total stranger would use the car and then return it to the exact spot from which taken or return the keys to the owner's pocket. Another fact could be of some significance to a jury. On the morning after the accident Gaskins discovered the damage to his automobile, but made no report of this to the police.

1. Code 1951, § 40–403.

Taken as a whole we believe Gaskins' evidence was not entirely consistent and was subject to contradictory interpretations sufficient to present a question of fact. The trial court properly submitted the case to the jury and it was error to set aside the verdict.

Reversed with instructions to reinstate the verdict and to enter judgment thereon.