Vera A. SAWYER and Calvert Fire Insurance Company, a corporation, Appellants,

v.

Joseph V. MISELI, Appellee.

No. 2448.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 28, 1959.

Decided Dec. 3, 1959.

Leonard L. Lipshultz, Washington, D. C., with whom Sol Friedman and George Sanford Jordan, Washington, D. C., were on the brief, for appellants.

Howard J. McGrath, Washington, D. C., with whom H. G. Warburton, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

An automobile owned by appellee Miseli and operated by one Honeycut collided with the automobile of appellant Sawyer, damaging it and injuring her. She and her insurance carrier sued Miseli and Honeycut. The trial court directed a verdict for Miseli and submitted the case against Honeycut to the jury which returned a verdict against him. This appeal claims

error in the direction of a verdict for Miseli.

◼ The trial developed two undisputed facts, namely, the ownership of the automobile by Miseli and its negligent operation by Honeycut. The disputed issue was Miseli's liability under Code 1951, § 40–424, Supp. VII.[1] The many cases interpreting this section leave no doubt as to its effect.[2] Mere ownership of the vehicle creates a presumption that operation was with the consent of the owner; but this presumption is overcome by uncontradicted proof that the vehicle was not being operated with the owner's consent, and when so overcome the owner is entitled to a directed verdict. The question here is whether there was uncontradicted proof of lack of consent.

Without going into details, we think it clear that Miseli's testimony constituted direct and uncontradicted proof that Honeycut did not have permission to use the automobile. However, appellants say that certain evidence offered by them, but not admitted, would have contradicted Miseli's testimony. Thus the real question presented by this appeal concerns the admissibility of that evidence.

The evidence offered and rejected related to some extra-judicial statements by Honeycut, the driver of the automobile. Although Honeycut was a defendant, was served with process, and employed counsel to represent him, he did not appear at trial and his then whereabouts were unknown even to his own counsel. Appellants offered to prove (1) that ten or fifteen minutes after the accident Honeycut told the investigating police officer that on the day of the accident Miseli said he was going out of town and that Honeycut could take the car; (2) that after the accident Miseli said to Mrs. Sawyer, "My boss is going to be angry with me because he loaned me his car"; and (3) that some months after the accident Honeycut gave a written statement to one of appellants' counsel in which he said that on the day of the accident Miseli told him to take the car and "sell it at your convenience. I am going out of town."

◼ Appellants urge that the statements to the police officer and Mrs. Sawyer shortly after the accident were admissible as excited utterances or spontaneous declarations. The rule in this jurisdiction respecting the admissibility of an excited utterance has been recently stated in Murphy Auto Parts Company v. Ball, 101 U.S.App. D.C. 416, 419, 249 F.2d 508, 511, certiorari denied 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed. 2d 415. There the court, speaking through Judge Burger, held that for an out of court statement to qualify as an excited utterance there must be two elements: (1) "an exciting event" and (2) "an utterance prompted by the exciting event without time to reflect." The court rejected a third element required by some authorities, namely, that the utterance must explain or illuminate the exciting event. However, the court carefully pointed out that when "the excited utterance goes beyond description of the exciting event and deals with past facts or with the future it may tend to take on a reflective quality and must be more carefully scrutinized with respect to the second element, that of true spontaneity." The court also made clear that the question of whether an utterance meets the required

1. "Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

2. See, e. g., Stumpner v. Harrison, D.C. Mun.App., 136 A.2d 870, and cases there cited.

test for admissibility is essentially one for the trial court.

Our question is whether, in the light of the above stated principles, the statements of Honeycut to the police officer and to Mrs. Sawyer were properly excluded. As obviously an exciting event had occurred, our inquiry is limited to whether those statements were prompted by the event without time for reflection. The statements were made ten or fifteen minutes after the accident occurred, so there was time for reflection, but the question remains whether they were the result of reflection or were made while the speaker was still under the impact and stress of the event and were truly spontaneous. The statements did not relate to or describe the accident or the events leading up to it, but related to an event which occurred many hours previous to the accident and which had no direct connection with it, namely, the supposed permission given to Honeycut by Miseli to use the automobile. This was an important factor for consideration by the trial court in its evaluation of whether the statements were truly spontaneous expressions excited by the event, or instead were the result of reflection and perhaps even apprehension. Honeycut knew he was facing a traffic charge and almost certainly he realized the possibility of the more serious charge of unauthorized use of an automobile,[3] if he was driving the automobile without the owner's permission. Thus he had a motive for falsely representing his authority to have possession of the vehicle. His remarks therefore required the most careful scrutiny by the trial court before their admission as excited utterances, and we find no error in their rejection.

As to Honeycut's unsworn statement given to one of appellants' counsel long after the accident, we see no basis whatever for its admission. Other claims of error are without merit.

Affirmed.

3. Code 1951, § 22–2204. In fact he was so charged and convicted.