Hugh M. HANCOCK and Government Employees Insurance Company, a corporation, Appellants,

v.

Clifton Lenon MORRIS, Appellee.

No. 2803.

Municipal Court of Appeals for the District of Columbia.

Argued July 24, 1961.

Decided Sept. 25, 1961.

George H. Eggers, Washington, D. C., for appellants.

Laurence T. Scott, Washington, D. C., with whom Albert D. Brault, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

Hancock's automobile was negligently struck and damaged by Morris's automobile while the latter was being operated by one Pearsall.[1] Morris was not present at the collision but in the resulting suit for compensation by Hancock and his insurance carrier, he was joined as party defendant by virtue of Code 1951, 40–424 (Supp. VIII), which provides:

> "Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

Morris escaped liability on the trial court's finding that his automobile was being used without permission, express or implied, at the time of the collision.

Section 40–424 has been construed by the courts many times when disappointed parties have questioned the sufficiency of the evidence to overcome the presumption of consent and the implied agency relationship imposed by it.[2] The answer has invariably hinged upon the same unaltered test: Where the defendant's evidence that consent was not given to the operator is uncontradicted and manifestly credible, the presumption is destroyed, entitling the car owner to a favorable judgment as a matter of law. Where the evidence is not so convincing or positive—i. e., where it has revealed inconsistency or where contradictions are present—the trier of fact must assume its usual role of resolving the conflict presented. That is the issue here. We do not find that it was improperly decided.

On the evening in question Morris accompanied Pearsall and some friends on

---

1. A default judgment was taken against Pearsall for failure to file an answer.

2. See, e. g., Hudson v. Lazarus, 1954, 95 U.S.App.D.C. 16, 217 F.2d 344; Hiscox v. Jackson, 1942, 75 U.S.App.D.C. 293, 127 F.2d 160; Sawyer v. Miseli, D.C. Mun.App.1959, 156 A.2d 14; Love v. Gaskins, D.C.Mun.App.1959, 153 A.2d 660; District of Columbia v. Abramson, D.C.Mun.App.1959, 148 A2.d 578; McMickle v. Nickens, D.C.Mun.App.1954, 104 A.2d 409.

a visit to a relative. While the others talked in an adjoining room, Morris lay down and went to sleep; during this time someone, apparently Pearsall, removed his keys and took the automobile. Morris testified that this use was without permission since he knew Pearsall's driver's license had been suspended, and that he had not been in the habit of loaning Pearsall the automobile except for a period in 1957 and 1958 when the two were in business together. There was one conflict in the testimony: In contrast to Morris's denial of permission, a police officer stated that during his investigation of the collision Morris at one point admitted giving Pearsall permission to use the car. But, as we have noted, such conflict was a proper subject for the trier of fact, and the trial court was acting in such capacity when it accepted Morris's story. We have no basis for disturbing that finding.

Affirmed.