**Mildred WILLIAMS, Appellant,**

v.

**Marietta BAINES, Fulies Baines, Appellees.**

No. 4572.

District of Columbia Court of Appeals.

Argued June 4, 1969. ·

Decided Oct. 15, 1969.

Cornelius H. Doherty, Jr., Washington, D.C., for appellant.

James T. Wright, Washington, D.C., for appellees.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a judgment of the trial court awarding damages to appellees arising out of an automobile collision. Appellant owned the car which was involved in the accident, driven at the time by one Mr. Flack, a codefendant below. At the time appellant was a major shareholder in the Greenwich Club, a bar employing Mr. Flack as general manager. Appellant moved for directed verdicts after the conclusion of plaintiff's case and after all the evidence was heard, contending that her consent to Flack's use of the car had not been proved.[1] In denying the motions, the trial court ruled, among other things, that the statutory presumption of consent by an owner to a driver's operation of a vehicle had not been rebutted.[2]

The sole issue presented on appeal is whether the evidence for appellant was sufficient to overcome the statutory presumption of consent by appellant to Flack's use of the car, entitling her to a directed verdict as a matter of law.

Appellant testified that Flack was not operating her car with her permission; that she knew Flack's operator's permit had been revoked; and that Flack had never been in the car involved in the accident, a 1966 Bonneville, prior to that time. She admitted, however, that Flack had been allowed to drive a car she owned

---

1. Appellant also based the motions on other contentions not relevant to this appeal.

2. D.C.Code 1967, § 40–424 provides that: Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the con- sent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, *and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.* (Emphasis added.)

before. There also was testimony that Flack had operated appellant's car on an occasion five months after the accident.

As to the day in question, appellant testified that she had opened the Greenwich Club before proceeding to her regular employment. On or near Mr. Flack's work area she left her car keys and a note about supplies that were short and an amplifier system that needed repair. Flack testified that he found appellant's keys and wanted to "try out" the Bonneville, so he took it when he went to get the amplifier repaired. He denied that Miss Williams had loaned him the car in question at any time.

The credibility of both Miss Williams and Mr. Flack was impeached by the use of prior contradictory statements contained in depositions given by them, although the impeachment did not go directly to their testimony regarding consent. Mr. Flack also testified that he had attempted to conceal from a police officer the fact that he was driving with a revoked operator's permit at the time of the accident.

Appellant contends that the statutory presumption of consent was rebutted since her testimony denying consent was uncontradicted, citing Lancaster v. Canuel, D.C. App., 193 A.2d 555 (1963), and Hancock v. Morris, D.C.Mun.App., 173 A.2d 922 (1961).

In *Lancaster, supra,* this court found that plaintiffs had produced no evidence to support a finding of express or implied consent in contradiction of the owner's denial and that, consequently, the statutory presumption was effectively rebutted. This case is distinguishable because here there was evidence of implied consent by the owner plus credibility questions in connection with the owner's testimony.

*Hancock, supra,* is more nearly in point, for there contradictory testimony of express or implied consent was adduced, although the trial judge as trier of fact resolved the conflict in favor of the owner-defendant. We refused to disturb this finding, stating:

Where the evidence is not so convincing or positive—i. e., where it has revealed inconsistency or where contradictions are present—the trier of fact must assume its usual role of resolving the conflict presented.

173 A.2d at 923. *Hancock* is not controlling because in the instant case the trial judge, resolving all reasonable inferences in appellees' favor, found there was sufficient basis to present the case to the jury on the consent question and declined to direct a verdict for appellant.

We think the evidence that Mr. Flack used appellant's cars on other occasions, and that appellant left her car keys and a note for him about certain errands at the bar in which she was a major shareholder, coupled with the doubts about their credibility created on cross-examination, was clearly sufficient to raise a conflict with respect to appellant's denial of consent. Consequently, the case was properly submitted to the jury. As this court stated in Miller v. Imperial Insurance, Inc., D.C. App., 189 A.2d 359, 360 (1963):

[It] has many times been said [that] it was the exclusive function of the trial judge to determine the cogency and persuasiveness of the evidence and to weigh it for credibility, contradictions and evasions. The trial court decided that appellant's evidence was not sufficient to destroy all inferences and doubts, so as to require a verdict in her favor as a matter of law. In testing appellant's evidence against the statutory presumption the trial judge was deciding a question of fact, and we cannot say the decision was wrong as a matter of law.

*See also* Love v. Gaskins, D.C.Mun.App., 153 A.2d 660, 662 (1959).

We find no error in the denial of the motions for directed verdicts and no other meritorious contention. The judgment is

Affirmed.