Thomas W. ALSBROOKS, Appellant,

v.

WASHINGTON DELIVERIES, INC.,
Appellee.

No. 5701.

District of Columbia Court of Appeals.

Argued June 21, 1971.

Decided Sept. 17, 1971.

R. Kenneth Mundy, Washington, D. C.,
for appellant.

Patrick J. Attridge, Washington, D. C.,
for appellee.

Before HOOD, Chief Judge, and
FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

This is an action for personal injuries
and property damage arising out of an auto-
mobile collision. After all the evidence was
presented, the trial judge directed a verdict
for the appellee on the ground that appellee
had overcome the statutory presumption of
consent to operate its motor vehicle [1] and
that there was no issue of fact for the
jury to resolve. This appeal challenges the
correctness of that ruling. We hold that
the trial court erred and, accordingly, we
reverse and remand for a new trial.

The evidence indicated that on Sunday,
September 8, 1968, a panel truck belonging
to the appellee struck appellant's parked
automobile.

1. D.C.Code 1967, § 40–424, provides in per-
tinent part:
  Whenever any motor vehicle * * *
shall be operated upon the public highways
of the District of Columbia by any per-
son other than the owner, with the consent
of the owner, express or implied, the
operator thereof shall in case of accident,
be deemed to be the agent of the owner
of such motor vehicle, and *the proof of the
ownership of said motor vehicle shall be
prima facie evidence that such person op-
erated said motor vehicle with the consent
of the owner.* (Emphasis added.)

The appellee's operating manager, Jones, testified that he had control of the vehicles and drivers at the time of the accident; that none of their trucks were on the road since, except for rare occasions, there were no Sunday deliveries; that no authorized delivery could have occurred without his knowledge; that he had no knowledge of a delivery on the particular Sunday in question; and that there was no evidence that the truck had been in an accident when inspected the following Monday. Jones acknowledged that he had shared his authority over the trucks with his immediate superior, Smith—a former employee who could not be located at the time of trial. He also testified that the drivers had no keys and that the only way anyone could get a key for a truck was through his authorizing it.

In rebuttal the appellant testified, without objection, that the day after the accident he had called appellee's place of business and had spoken to Mr. Smith (an officer of the corporation) who, at that time, admitted that the employee-drivers had possession of keys to the trucks.

Also in rebuttal appellant introduced answers to certain interrogatories filed by Francis J. Sweeney, appellee's present manager, stating that Smith, the former manager, was responsible for route deliveries and management of appellee's vehicles.

■ Section 40–424 (*see* note 1) makes proof of ownership prima facie evidence of consent and places on the owner "the burden of proving that his vehicle was not operated with his express or implied consent at the time of collision." Joyner v. Holland, D.C.App., 212 A.2d 541 (1965). In other words, there is a statutory presumption that the owner has consented to the operator's use.

The presumption, however, is rebuttable and can be overcome by uncontradicted and manifestly credible testimony to the contrary, and this testimony can be that of the owner himself. Myers v. Gaither, D.C.

App., 232 A.2d 577 (1967); Hancock v. Morris, D.C.Mun.App., 173 A.2d 922 (1961). Where there is such uncontradicted proof, the owner is entitled to a directed verdict as a matter of law. Love v. Gaskins, D.C. Mun.App., 153 A.2d 660 (1959). Where, however, the owner's "evidence is not so convincing or positive—i. e., where it has revealed inconsistency or where contradictions are present—the trier of fact must assume its usual role of resolving the conflict presented." Hancock v. Morris, *supra*. Any contradiction or inconsistency found in the owner's proof prevents a directed verdict, even though the contradiction goes to a point other than consent. Williams v. Baines, D.C.App., 257 A.2d 762 (1969).

■■ In the instant case there was inconsistency and contradiction in the testimony concerning consent. Jones, the operating manager, testified that no one could get a key to a truck without his authorization and that he had given no such authorization for the day of the accident, yet the trial judge found that one of the trucks was in the accident. Since the truck allegedly involved was returned to appellee's lot, we think it is permissible to infer—and on a motion for a directed verdict the inference would be mandatory—that it was driven with a key. This results in an inconsistency in Jones' testimony; he testified that he gave no authorization and that no key could be obtained without an authorization. In addition there is the testimony of appellant that Smith (an officer of the appellee-corporation) told him that the drivers had keys to their trucks. We need not decide whether the trial judge's characterization of this testimony as hearsay was correct, since unobjected-to hearsay may be competent evidence which the jury may consider. Bullock v. United States, D.C.App., 243 A.2d 677 (1968); Wilson v. District of Columbia, D.C.Mun.App., 65 A.2d 214 (1949); Tirrell v. Osborn, D.C. Mun.App., 55 A.2d 725 (1947); Annot., 79 A.L.R.2d 890, 897–909 (1961). There is the further contradiction as to who was

responsible for route deliveries and management of appellee's vehicles. Sweeney, the present manager, stated that Smith, the former manager (not Jones), was responsible for the management of appellee's vehicles.

We conclude from the above that the statutory presumption of consent was not fully overcome as a matter of law and therefore the case should have been submitted to the jury.

Reversed and remanded for a new trial.

HOOD, Chief Judge, dissenting:

In my opinion there was uncontradicted and credible evidence that the truck at the time of the collision was not being operated with either the express or implied consent of the owner; that such evidence legally overcame the statutory presumption; and that the trial court properly directed a verdict in favor of the owner.