**James W. MILLER et al., Plaintiffs,**

**v.**

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 74–73.**

United States District Court, District of Columbia.

April 3, 1975.

Michael R. Gordon, Washington, D. C., for plaintiffs.

Robert S. Rankin, Jr., Asst. U. S. Atty., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### I. INTRODUCTION

This case, arising out of an automobile accident, is a claim against the United States, as owner of the automobile whose driver was allegedly at fault. The case is currently before the Court on defendant United States' motion for summary judgment, accompanied by three affidavits. Plaintiffs have opposed the motion, but have submitted no countering affidavits.

The government's affidavits show that the government car, which was under the custody of the ACTION Program, was driven by one Michael East. East was not, and has never been, an employee of ACTION. The affidavits state that an ACTION staff aide, Charles Forman, lent the government car to East, so that East might drive one Margaret Jackson to work. The accident in question occurred during the time that East was in possession of the car.

### II. WHERE A FEDERAL REGULATION EXPRESSLY PROHIBITS THE UNAUTHORIZED USE OF A GOVERNMENT VEHICLE, THE NON-EXISTENCE OF CONSENT FOR UNAUTHORIZED USE HAS BEEN ESTABLISHED POSITIVELY AND UNEQUIVOCALLY. THE PRESUMPTION OF CONSENT ARISING UNDER D.C.CODE § 40–424 HAS BEEN EFFECTIVELY REBUTTED, AND NO EVIDENCE ADDUCED AT TRIAL, THROUGH DIRECT TESTIMONY OR ON CROSS-EXAMINATION, COULD REHABILITATE THE PRESUMPTION.

The disputed issue is the United States' liability under D.C.Code § 40–

424.[1] The litany of cases interpreting this section leaves no doubt as to its effect.[2] Mere ownership of the vehicle creates a rebuttable presumption that operation was with the consent of the owner; but this presumption is overcome by uncontradicted proof that the vehicle was not being operated with the owner's consent. When so overcome, the owner is entitled to a directed verdict. Unless the presumption is overcome, however, the jury is entitled to place the liability for the accident on the owner of the vehicle.

The uncontested government affidavits show that official regulations allow the use of government-owned vehicles for official purposes only.[3] In *District of Columbia* v. *Abramson*, 148 A.2d 578 (D.C.Mun.Ct.App.1959), the court dealt with a similar regulation and with the statute here in issue. The court held that the District of Columbia could not have been liable for an accident result-ing from a collision involving one of its cars being driven by an authorized employee during his lunch break. The court reasoned that "even if some official had attempted to give such permission it would not have been binding on the District, for it is generally held that it is beyond the power of a municipal corporation or its officials to consent to the use of an official vehicle for a purely private purpose." 148 A.2d at 580.

Where a regulation expressly prohibits the unauthorized use of a government vehicle, the non-existent of consent has been established positively and unequivocally. The presumption of consent arising under § 40–424 has been effectively rebutted, and no evidence adduced at trial, through direct testimony or on cross-examination, could rehabilitate the presumption.

That Forman was unauthorized to lend any government vehicle to East

---

1. 40 D.C.Code 424 prescribes:

 "Wherever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

2. *See, e.g., Amicar Rentals, Inc.* v. *Moore*, 294 A.2d 361 (D.C.Ct.App.1972); *Alsbrooks* v. *Washington Deliveries, Inc.*, 281 A.2d 220 (D.C.App.1971); *Gaither* v. *Myers*, 131 U.S. App.D.C. 216, 404 F.2d 216 (1968); *Eastern Aquatics, Inc.* v. *Washington*, 213 A.2d 293 (D.C.Ct.App.1965); *Lancaster* v. *Canuel*, 193 A.2d 555 (D.C.Ct.App.1963); *Jones* v. *Halun*, 111 U.S.App.D.C. 340, 296 F.2d 597 (1961); *Hancock* v. *Morris*, 173 A.2d 922 (D.C.Mun.Ct.App.1961); *Sawyer* v. *Miseli*, 156 A.2d 141 (D.C.Mun.Ct.App.1959); *Love* v. *Gaskins*, 153 A.2d 660 (D.C.Mun.Ct. App.1959); *District of Columbia* v. *Abramson*, 148 A.2d 578 (D.C.Mun.Ct.App.1959); *Stumpner* v. *Harrison*, 136 A.2d 870 (D.C. Mun.Ct.App.1957); *Hudson* v. *Lazarus*, 95 U.S.App.D.C. 16, 217 F.2d 344 (1954);

*McMickle* v. *Nickens*, 104 A.2d 409 (D.C. Mun.Ct.App.1951); *Conrad* v. *Porter*, 79 A.2d 777 (D.C.Mun.Ct.App.1951); *aff'd*, 90 U.S.App.D.C. 423, 196 F.2d 240 (1953); *Simon* v. *Dew*, 91 A.2d 214 (D.C.Mun.Ct. App.1952); *Rice* v. *Simmons*, 53 A.2d 587 (D.C.Mun.Ct.App.1947); *Schwartzbach* v. *Thompson*, 33 A.2d 624 (D.C.Mun.Ct.App. 1943); *Hiscox* v. *Jackson*, 75 U.S.App.D.C. 293, 127 F.2d 160 (1942); *Rosenberg* v. *Murray*, 73 App.D.C. 67, 116 F.2d 552 (1940). *See generally* Annot. 5 A.L.R.2d 243 (1949).

3. 41 C.F.R. § 101–39.6 (1974); (Fed.Property Management Regulation, Subpart 101–39.6—Official Use of Government Motor Vehicles and Related Motor Pool Services) provides in pertinent part:

 "§ 101–39.601 General Requirements.

 (a) It is the responsibility of every official concerned with the use or control of a motor vehicle furnished by a motor pool system to assure that all employees under his supervision who operate or use such a vehicle are fully acquainted with the requirements of this subpart.

 \* \* \* \* \*

 "§ 101–39.602–1 Government Vehicles.

 (a) Officers and employees of the Government shall use Government-owned or leased vehicles for official purposes only."

 \* \* \* \* \*

for the purpose presented by this case is clearly established by the uncontroverted affidavits presented by the defendant. The plaintiff has presented no affidavits which would tend to show that such use was authorized. Nor has plaintiff successfully raised any reason why he has failed to present countervailing affidavits; discovery of authorization could be effected through discovery devices available under the Federal Rules of Civil Procedure. Thus plaintiff has failed to demonstrate that there is any genuine dispute about this issue. .

III. AS A RESULT OF THE OFFICIAL REGULATION PROHIBITING THE UNAUTHORIZED USE OF A GOVERNMENT VEHICLE, SUMMARY JUDGMENT IS APPROPRIATE.

 The government claims that its undisputed affidavits constitute uncontradicted proof sufficient to warrant a summary judgment, thus avoiding the necessity of going to trial. Although no court in this jurisdiction has ever granted summary judgment in a case involving this statute, summary judgment is nevertheless appropriate here, given the particular fact situation: "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[4]

The most recent case out of the U.S. Court of Appeals for this District dealing extensively with the law of summary

judgment includes the following language:

"The summary judgment procedure is properly and wholesomely invoked when it eliminates a useless trial but, of course, not when it would cut a litigant off from his right to have a jury resolve a factual issue bearing significantly on the outcome of the litigation. The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue as to any material fact, and even where his opponent comes forth with nothing, summary judgment must be denied if the facts supporting the motion do not establish the nonexistence of such an issue."

*Bloomgarden* v. *Coyer*, 156 U.S.App.D.C. 109, 479 F.2d 201, 206–07 (1973).[5]

 The government, as the party moving for summary judgment, bears the burden of establishing the non-existence of consent. The United States is the only named defendant, and if there was no consent the United States could not, as a matter of law, be liable. *District of Columbia* v. *Abramson, supra.*

As a result of the regulation prohibiting the unauthorized use of government vehicles, and the governments affidavits demonstrating that East's use was unauthorized, the government has carried its burden. Thus, consent is no longer a genuine issue of material fact, and the government must prevail on its motion for summary judgment.

---

4. The case of *Fuqua* v. *Deapo*, 34 F.R.D. 111 (W.D.Ark.1964), is a case similar to ours. In an analogous fact situation involving a car accident and a statute giving rise to a presumption of agency, the court granted summary judgment for the defendant. The reasoning in *Fuqua* is persuasive authority in support of the Court's conclusion here.

5. Other helpful cases in this Circuit dealing with the law of summary judgment include *Ring* v. *Schlesinger*, 502 F.2d 479 (D.C. Cir., 1974); *Bloomgarden* v. *Coyer*, 156 U.

S.App.D.C. 109, 479 F.2d 201 (1973); *Rodway* v. *United States*, 157 U.S.App.D.C. 133, 482 F.2d 722 (1973); *National Cable Television Assoc.* v. *F.C.C.*, 156 U.S.App.D.C. 91, 479 F.2d 183 (1973); *Hess* v. *Schlesinger*, 159 U.S.App.D.C. 51, 486 F.2d 1311 (1973); *Weiss* v. *Kay Jewelry Stores, Inc.*, 152 U.S. App.D.C. 350, 470 F.2d 1259 (1972); *Leonard* v. *BHJK Corporation*, 152 U.S.App.D.C. 97, 469 F.2d 108 (1972); *Nyhus* v. *Travel Management Corp.*, 151 U.S.App.D.C. 269, 466 F.2d 440 (1972); *National Life Ins. Co.* v. *Silverman*, 147 U.S.App.D.C. 56, 454 F.2d 899 (1971).

IV. PLAINTIFFS' ARGUMENT THAT THEY WERE UNDER NO OBLIGATION TO SUBMIT OPPOSING AFFIDAVITS BECAUSE THE CRUCIAL FACTS WERE UNDER THE SOLE CONTROL OF THE DEFENDANT MUST FAIL IN THE FACE OF THE REGULATION ESTABLISHING THE NON-EXISTENCE OF CONSENT.

█ Three affidavits were submitted by the defendant-movant showing unequivocally that there was no consent. Plaintiffs offered no countering affidavits. Noticeably absent is any affidavit from the driver, East.

Fed.R.Civ.P. 56(e) provides in part as follows:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Nevertheless, plaintiffs' attempt to escape summary judgment by reference to substantial case law to the effect that summary judgment is not appropriate where the essential facts are solely in the control of the defendant.

"It has . . . been held that where facts were peculiarly within the knowledge of the defense and a matter such as good faith was involved, summary judgment should not be granted on the basis of a defense affidavit (though no counter-affidavit was filed), and that plaintiff was entitled to cross-examine opponent's witnesses and have the trial court observe their demeanor. *Alvado* v. *General Motors Corporation*, 2 Cir., 229 F.2d 408, certiorari denied 351 U.S. 983, 76 S.Ct. 1050, 100 L.Ed. 1497." *White v. Luber*, 144 A.2d 774, 776 (1958).

See *Cellini* v. *Moss*, 98 U.S.App.D.C. 114, 232 F.2d 371 (1956), citing, *Sartor* v. *Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944), *Subin* v. *Goldsmith*, 224 F.2d 753, 759 (2d Cir. 1955), and *Arnstein* v. *Porter*, 154 F.2d 464, 471 (2d Cir. 1946).

In the instant case, there is no imaginable circumstance by which consent, express or implied, could be proven in the face of a regulation prohibiting the unauthorized use of government vehicles. Any consent would be beyond the scope of employment of any government employee. Thus, the regulation eliminates the possibility of consent sufficient to hold the defendant employer liable. No amount of cross-examination could possibly refute the existence or validity of this regulation.

For this reason, plaintiffs' argument falls short, and summary judgment is appropriate. See *Schneider* v. *McKesson & Robbins, Inc.*, 254 F.2d 827, 830–31 (2d Cir. 1958); *Radio City Music Hall Corp.* v. *United States*, 135 F.2d 715 (2d Cir. 1943).

V. PLAINTIFFS' ARGUMENT THAT THE GOVERNMENT WAS NEGLIGENT IN FAILING TO SECURE ITS VEHICLES AGAINST UNAUTHORIZED USE MUST FAIL BECAUSE IT IS FRIVOLOUS AND UNTIMELY RAISED.

█ Plaintiffs have raised a negligence argument in their opposition to the motion for summary judgment. They contend that the government was "negligent in failing to secure its vehicles against unauthorized use," and they assert that this negligence claim prevents the granting of summary judgment.

This argument fails for two reasons. First, the negligence claim is frivolous. As the government points out in its reply memorandum, government operations would be severely hamstrung if employees

were not provided keys to vehicles or office buildings, despite the possibility that employees might use the keys for unauthorized uses. Allowing an employee to retain a key is obviously not negligence, especially where, as here, the limits of the allowable uses of that key are clearly made known. See footnote 3, *supra*.

Second, this negligence claim was not made in the complaint. It is not appropriate for the plaintiffs now to set forth a new claim in a memorandum of points and authorities. Plaintiffs have not even sought to amend their complaint to account for this new theory.

It appearing that no genuine issue of a material fact exists and for the reasons stated herein, the Court concludes that summary judgment shall be entered for the defendant.