**HISCOX v. JACKSON.**

No. 7874.

United States Court of Appeals for the
District of Columbia.

Decided March 16, 1942.

Mr. Douglas A. Clark, with whom Mr. Norman E. Sill, both of Washington, D. C., was on the brief, for appellant.

Mr. Leon M. Shinberg, with whom Messrs. M. Phillip Katz and Philip Shinberg, all of Washington, D. C., were on the brief, for appellee.

Before STEPHENS, VINSON, and RUTLEDGE, Associate Justices.

VINSON, Associate Justice.

Plaintiff (appellant) brought this action in the Municipal Court for personal injuries and property damage growing out of an automobile accident. The defendant (appellee) admits the ownership of the automobile involved, a taxicab. At the close of all the evidence, the court, after motion, directed a verdict for defendant upon the grounds that (1) defendant's corroborated testimony, that the cab was being operated without his consent, was uncontradicted, and that (2) plaintiff's evidence identifying defendant as the operator of the cab at the time of the accident was insufficient.

The Financial Responsibility Act for the District provides:

"Whenever any motor vehicle, * * * shall be operated * * * by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be

prima facie evidence that such person operated said motor vehicle with the consent of the owner."[1]

■ Under this Act, with proof that a defendant owned the automobile involved and with no evidence on behalf of the defendant, a plaintiff who has otherwise established liability is entitled to a directed verdict. Instead, in this case, there has been a directed verdict for defendant. To pass from a directed verdict for plaintiff, through the area of jury questions, to a directed verdict for defendant, requires very strong, compelling evidence on behalf of defendant. It requires evidence which destroys all inferences and presumptions supporting plaintiff and which raises no doubts against defendant. Here, we believe that defendant's case is not so strong and plaintiff's so weak as to make a directed verdict for defendant proper.

■ In Rosenberg v. Murray[2] this court said that the statutory "presumption continues until there is credible evidence to the contrary, and ceases when there is uncontradicted proof that the automobile was not at the time being used with the owner's permission."[3] The dissent, apparently, had no serious quarrel with this statement of law in the abstract, but stated that the effect of the holding was to make the jury accept defendant's denial, whereas the denial was, on the facts, open to question by some reasonable men. The Municipal Court, in the instant case, concluded that defendant's testimony in respect of the consent issue was corroborated and uncontradicted. We believe, however, that defendant's evidence was not uncontradicted within the meaning of the Rosenberg language.

■ A reading of the four versions, defendant's and three of his witnesses', reveals what might be considered inconsistencies and self-contradictions, and leaves some doubts as to the absolute credibility of the witnesses—two typical jury functions. This in light of the proposition that defendant's proof may be contradicted by his own evidence. We shall not go into detail, but suggest some of the items which might create doubts or contradictions. (1) Defendant's evidence that the man who was operating the cab at the time of the accident was. an acquaintance, possibly a friend, who had turned thief. (2) This acquaintance, defendant, and others, had been together most of the early morning of the day involved. (3) There are variations in the testimony as to what happened during the whole period they were together. And there is at best only slight corroboration as to what happened during the critical time starting with defendant's parking his car and ending with the discovery that it was gone. (4) Defendant did not report the "theft" promptly, and no very consistent, definite time of the reporting is established. (5) The police report of the accident, apparently introduced in evidence by defendant, states that defendant was the driver of the cab at the time of the accident, as well as separately stating he was the owner. It does not appear whose driving permit number is listed in that report, nor how it was obtained by the police. These are some of the doubts in defendant's evidence that prevent its being the compelling evidence required to support a directed verdict.

Defendant's story is further and probably more seriously questioned by. testimony of plaintiff and one of his witnesses brought out by defendant on cross-examination. Plaintiff said, "I would not like to swear to it but I believe and am positive that that was the man (pointing to the defendant) who stepped out of the taxicab on the left hand side just as I was getting out of my automobile * * *." Plaintiff's disinterested witness said, "I believe that to be the man [the defendant] that I saw stepping out of the left hand side of the taxicab after it came to rest." This evidence not only contradicts defendant's story that the cab was being operated without his permission, but also places the defendant as the operator.

On all the evidence the jury would have been warranted in finding that the cab was being operated with defendant's permission, or that defendant himself was driving the cab at the time of the accident. The directed verdict for defendant, then, was improper.

Reversed.

---

[1] D.C.Code (1940 ed.) § 40—403. Compare the similarity of Walsh v. Rosenberg, 65 App.D.C. 157, 81 F.2d 559, decided before the enactment of this statute.

[2] 73 App.D.C. 67, 116 F.2d 552.

[3] Id. 73 App.D.C. at page 68, and 116 F.2d at page 553.

STEPHENS, Associate Justice.

I concur in the result upon the ground that—as stated by the court—there was evidence from which the jury could have found that the appellee was himself driving the car at the time of the accident. But I think that upon the issue of non-consent by the appellee to the driving of the car by Sims this case cannot be distinguished from Rosenberg v. Murray, 1940, 73 App.D.C. 67, 116 F.2d 552. I think that that case, in holding that, where testimony of an owner that he did not consent to the use of his car by the person driving it at the time of an accident is uncontradicted, there is nothing for the jury, was wrongly decided for the reason that it ignores the proposition that the credibility and dependability of testimony—even uncontradicted (as distinguished from undisputed) testimony—is for the jury. But the rule of Rosenberg v. Murray is now the law in this jurisdiction, and since I can see no material distinction between that case and the instant case on the facts so far as the issue of non-consent is concerned, I am obliged to conclude that in the instant case the trial court properly withheld the issue of non-consent from the jury.