**CHASIN et al. v. MILLER et al.**

No. 1303.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 19, 1953.

Decided Feb. 17, 1953.

Dexter M. Kohn, Washington, D. C., J. H. Reis, Lewis Jacobs and Sidney S. Sachs, Washington, D. C., on the brief, for appellants.

Carlton L. Saunders, Washington, D. C., for appellee Miller. Charles C. Collins and Robert E. Anderson, Washington, D. C., also entered an appearance for appellee Miller.

No appearance for appellee Walker.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This appeal was granted on application from the Small Claims and Conciliation Branch of the Municipal Court. It involves the application of the Financial Responsibility Act [1] in an action arising out of an automobile collision. The appellants, Cha-

1. Code 1951, § 40-403: "Whenever any motor vehicle * * * shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

sin and Cutler, are co-partners in the United Produce Company. They employ four drivers, who are the only ones authorized to drive their trucks. Another employee, James Tatum, was a helper at the company's place of business. He never went out on deliveries except when given specific instructions to do so. On the day of the collision one of the drivers, Sidney Francis, started out to make deliveries at 10 a. m. He returned later for a second load and from this trip returned about 1:30 p. m. He then gave Tatum the keys and told him to park the truck, and he (Francis) left. About 3 p. m. Chasin received a telephone call from Tatum stating that they were unable to make the last delivery. Chasin testified that Tatum was obviously intoxicated. When Chasin asked to speak to Francis, Tatum hung up the telephone. Chasin then telephoned the police and informed them that his truck was being operated by an intoxicated driver. At 4:35 p. m. the truck driven by Tatum struck the parked cars of the two appellees. The accident happened about 21 blocks from appellants' place of business. Neither Francis nor Tatum could be located at the time of trial. Suit was brought by Walker against the appellants and Arthur Miller, owner of the other parked car. Miller filed a cross-claim against appellants. Trial was had without a jury and resulted in judgment in favor of Walker against appellants, and also in favor of Miller on his cross-claim.

The sole assignment of error is that the trial court erred in failing to find as a matter of law that appellants had overcome the statutory presumption of consent created by the Financial Responsibility Act. There was no question as to Tatum's negligence.

■ The law in respect to this Act has been the subject of numerous decisions both in this court and in the United States Court of Appeals. Our recent decision in Simon v. Dew[2] recited again the well settled principles here applicable:

"(1) Once the defendant's ownership has been established, the statute creates a presumption of agency which places the burden of proof as to the question of consent upon the defendant-owner. (2) The defendant-owner overcomes the statutory presumption when he offers uncontradicted proof that the automobile was not at the time being used with his permission. When the presumption is thus overcome, the defendant-owner is entitled to a favorable finding as a matter of law. (3) Where the defendant-owner offers some credible evidence to overcome the presumption, but evidence not strong enough to entitle him to judgment as a matter of law, the question of liability resolves itself into a question of fact."

The present case falls into the second category. Chasin testified that there were only four drivers employed by the company who were authorized to drive the trucks; that these drivers were given instructions that no one else should be allowed to drive; that he knew that Tatum had no driver's license; and that Tatum only went out on the trucks as a helper when specifically instructed to do so. This testimony of the owner was sufficient "uncontradicted proof" as required by the rule laid down in the Rosenberg case[3] to overcome the statutory presumption of consent. Here we do not even have the self-contradictions in the owner's testimony which were deemed immaterial in the Rosenberg case.

■ The appellees further contend that appellants' liability can be based on the accepted principles governing the master and servant relationship even though the statutory presumption of consent has been overcome. We have previously held in construing this act that "Except in so far as the final clause created a prima facie case of the owner's consent to the use of his automobile at the time of an accident, the common law rules defining the liability of an employer for the acts of a servant or employee were unaffected." Senator Cab Co.

2. D.C.Mun.App., 91 A.2d 214, 215.
3. Rosenberg v. Murray, 73 App.D.C. 67, 116 F.2d 552. See cases cited therein

where the owner's positive testimony overcame the common-law presumption that an agent is on his master's business.

v. Rothberg, D.C.Mun.App., 42 A.2d 245, 247. In support of their contention that liability can be based on the doctrine of *respondent superior*, appellees rely on Siciliano v. United States, D.C., 85 F.Supp. 726, and Flood v. Bitzer, 313 Ill.App. 359, 40 N.E.2d 557. But in both of these cases the accident occurred while a third person was driving the employer's vehicle in the presence and under the supervision of the employee. In the present case all the testimony is to the effect that Francis had turned the truck over to Tatum three hours before the accident, and there is not a word of testimony to indicate that Francis was with Tatum when the accident happened. Further, appellee Miller testified that it was Tatum who was driving the truck and after the accident fled from the scene when he went to telephone the police, and he made no mention of Francis being there.

 Appellees also cite Lustbader v. Traders Delivery Co., 193 Md. 433, 67 A.2d 237, 243. There the accident occurred when the authorized driver momentarily went into a store and the helper (who had been instructed not to drive the truck) started up the engine and backed the vehicle into a wall. There the court in holding the employer not liable stated:

"It may be a narrow distinction that the person in charge of a vehicle is guilty of negligence chargeable to his employer if he permits or gives opportunity for an unauthorized employee to operate that vehicle for his employer's business, and, on the other hand, that the person in charge is not guilty of such negligence, when he gives an opportunity to such unauthorized employee to operate the automobile for his own purposes. But the distinction is real, and is founded in the law of agency. The chauffeur is the agent of the employer to conduct his business, and anything done for the conduct of that business, by his permission or allowance, binds the employer. On the other hand, his remissness in allowing some unauthorized person (even an unauthorized fellow-employee) to use the employer's vehicle for purposes outside of the business, is not within his agency, and cannot be charged to his employer."

Appellees argue that Tatum was furthering his employers' business and therefore they are liable for his negligent acts. But the record fails to reveal any such proof. On the contrary, it showed that the accident occurred 21 blocks from his place of employment, with no attempt to establish that his presence there had any connection with the business of his employer.

 Finally, appellees contend that liability here was strictly a question of fact and the trial court's decision should not be disturbed on appeal. Schwartzbach v. Thompson, D.C.Mun.App., 33 A.2d 624. But the statutory presumption of consent was overcome by proof which remained uncontradicted. Hence the presumption failed, and plaintiff and cross-claimant lost their right of recovery.

Reversed.