Willie C. **FARRALL** and Congressional In-
surance Co., a corporation, Appellants,

v.

Kerney **ELLIS**, Appellee.

No. 2474.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 26, 1959.

Decided Jan. 12, 1960.

Louis J. Lombardo, Washington, D. C.,
for appellants.

Lawrence E. Carr, Jr., Washington, D.
C., with whom Michael F. X. Dolan, Wash-
ington, D. C., was on the brief, for appel-
lee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

At about one o'clock in the morning of
March 16, 1959, appellant Farrall's taxicab
was *negligently struck by an automobile*
owned by appellee Ellis. Farrall was
thrown from his cab by the force of the
collision and as he picked himself up he

saw a man and a woman running from the other automobile. These two people were never identified and the striking vehicle was unoccupied when Farrall examined it. In bringing this action against Ellis, Farrall and his insurance carrier relied upon the presumption created by Code 1951, § 40-424, Supp. VII.[1] Ellis testified that he was the owner of the striking vehicle, but that it had been in possession of his brother for some months and he did not know who was driving it at the time of the accident. His brother testified that on the night of the accident he had parked the automobile about midnight, locked it and took the keys with him; that he did not know who was driving the automobile at the time of the accident or how the person obtained possession of it.

At the conclusion of the evidence the trial court directed a verdict for Ellis. Appellants say this was error and that the case should have been submitted to the jury.

■ Unless Ellis offered uncontradicted proof that the automobile was not at the time of the accident being used with his permission, the question of liability should have been submitted to the jury as a question of fact. Positive, unequivocal and uncontradicted testimony of the owner may constitute such proof; but if the proof offered by the owner contains inconsistencies and self-contradictions, raising doubt as to his credibility or that of his witnesses, the issue is one for the jury. Conrad v. Porter, D.C.Mun.App., 79 A.2d 777, affirmed 90 U.S.App.D.C. 423, 196 F.2d 240; Simon v. Dew, D.C.Mun. App., 91 A.2d 214. Uncontradicted proof "requires evidence which destroys all inferences and presumptions supporting plaintiff and which raises no doubts against

defendant." Hiscox v. Jackson, 75 U.S. App.D.C. 293, 294, 127 F.2d 160, 161.

■ In our opinion there were certain features in the testimony for defendant which left "some doubts as to the absolute credibility of the witnesses,"[2] and required submission of the case to the jury. For example, the accident occurred about four blocks from Ellis's home and he appeared on the scene shortly after the occurrence. His explanation for his prompt appearance was that his nephew had awakened him and told him of the accident. The nephew corroborated this, testifying that he was returning to his uncle's home in a taxicab and passed the scene of the accident shortly after its occurrence, that he recognized the car as belonging to his uncle because he knew the tag number, that he did not stop but continued to his uncle's home and told him what he had seen. This explanation may be absolutely true, but we do not think it possesses such "absolute credibility" that a jury would be bound as a matter of law to accept it.

Other questions which could raise doubts in the minds of the jury are: Why did Ellis on arriving at the scene tell Farrall not to worry and that he would "take care of things"? Whose keys were in the striking vehicle? Farrall said he saw them when he examined the car after the accident, but Ellis's brother said there was only one set of keys and he had them in his possession. Why did Ellis, as trial was approaching, attempt to get the repair bill for his car changed to show that the switch had been repaired, when such was not the fact? Other instances in the testimony could be cited, but we feel that the above are sufficient to show that the case was one for the jury.

Reversed with instructions to grant a new trial.

1. "Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

2. Hiscox v. Jackson, 75 U.S.App.D.C. 293, 294, 127 F.2d 160, 161.