Emory M. JONES, Sr., Appellant

v.

John HALUN, Appellee.

No. 16333.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 10, 1961.

Decided Nov. 22, 1961.

Petition for Rehearing En Banc Denied En Banc Jan. 11, 1962.

Petition for Rehearing before the Division Denied Jan. 11, 1962.

Mr. William H. Clarke, Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellant.

Mr. Sol M. Alpher, Washington, D. C., for appellee.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant Emory M. Jones, Sr., owned a car which he allowed his son, Emory M. Jones, Jr., to use. On October 7, 1957, in the District of Columbia, one Eugene Griffin, a stranger to appellant, drove the car recklessly and collided with appellee Halun. Appellant's son was in the back seat. Halun sued appellant, the car owner. The court left to the jury only the question of damages; ruling as a matter of law that Griffin was operating the car with appellant's "implied consent" and that appellant was therefore liable for Griffin's negligence. This appeal is from a judgment for the plaintiff.

Appellant, his wife, and his son testified without dispute that appellant repeatedly forbade the son to let anyone else drive the car. On the night of the accident the son drove to Boonestown, Maryland, with Griffin and three girls as passengers. On the way back to Washington, the son stopped the car at a filling station and got out. Griffin got into the driver's seat. The son told him to get

in the back seat. Griffin said he wanted to drive. The son said "No, I can't do that. This cars is not mine." His testimony continued: "So in turn we had a few words right there and the fellow that owned the gas station, he got impatient because the car was blocking his driveway and * * * he told us to move on. Seeing that I couldn't persuade Eugene to get from under the wheel, I just sat in the back seat and told him, said, 'Look, the car is new and it's not mine so don't drive it over 30 miles an hour.'" Griffin was driving at about 70 miles an hour when the car struck the one appellee was driving. Appellant's son had told Griffin to stop and had tried to grab the keys. All this is uncontradicted.

■ The Motor Vehicle Safety Responsibility Act of the District of Columbia provides that "Whenever any motor vehicle * * * shall be operated * * by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner * * *, and the proof of the ownership * * * shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner." D.C.Code § 40–424 (1961). An "implied" consent is not a fictitious consent. It is a consent that is not plainly expressed but is inferred as a fact from words or conduct. Making ownership "prima facie evidence" of consent does not dispense with the requirement of consent. It affects only the way consent may be proved. Prima facie evidence is, as Webster's New International (1961) says, "evidence sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." The statute creates a rebuttable presumption that the driver of a car involved in an accident had the owner's consent to drive. This means that ownership is sufficient proof of consent until evidence is introduced that the owner did not consent. Since the driver of a car has the owner's consent much more often than not, there is a rational basis for the presumption. But when substantial evidence of nonconsent is introduced, the presumption ceases to operate. Mere ownership is then no longer sufficient proof of consent, either as a matter of sense or as a matter of law. The plaintiff has the burden of proof and it is necessary that the evidence show the owner consented. Rosenberg v. Murray, 73 App.D.C. 67, 68, 116 F.2d 552, 553; Hiscox v. Jackson, 75 U.S.App.D.C. 293, 127 F.2d 160; Conrad v. Porter, D.C.Mun.App., 79 A.2d 777, aff'd, Porter v. Conrad, 90 U.S.App. D.C. 423, 196 F.2d 240; Hudson v. Lazarus, 95 U.S.App.D.C. 16, 18, 217 F.2d 344, 346.

■ In this case the evidence failed to show consent. The evidence that Griffin was operating the appellant's car at the time of the accident, and that the appellant had not consented to his operating it, was not met by any evidence to the contrary. If there had been substantial evidence that the appellant had consented, either expressly or by implication, there would have been a question for the jury. Since there was no such evidence, there was no such question. It could not rationally be thought that the appellee, who was the plaintiff, had discharged his burden of proof. It follows that the appellant was entitled to a directed verdict. Hudson v. Lazarus, supra. Whether the man to whom the defendant had entrusted his car was willing or unwilling that Griffin drive it is immaterial. In Conrad v. Porter, supra, which we affirmed, the defendant's truck driver, whom the defendant had forbidden to let anyone else drive his truck, voluntarily lent it to a third person who negligently collided with the plaintiff's car. The Municipal Court of Appeals not only reversed a judgment for the plaintiff but directed entry of a judgment for the defendant. The court said that since uncontradicted testimony showed the truck driver had "been ordered not to allow any third person to drive it, we cannot escape the conclusion that the man who was driving his truck at the time of the accident was not doing

so with the express or implied consent of the owner. So driving, he was not the agent of the owner and the owner was not responsible." 79 A.2d at 780. Our court not only affirmed that judgment but said: "we conclude that the Municipal Court of Appeals correctly stated and applied the governing principles laid down by this court. We therefore adopt the opinion of the Municipal Court of Appeals". Porter v. Conrad, 90 U.S. App.D.C. 423, 196 F.2d 240.

Accordingly the judgment for the plaintiff must be reversed and the District Court directed to enter judgment for the defendant.

Reversed.