Helen R. MILLER, Appellant,

v.

IMPERIAL INSURANCE INCORPORATED,
a *corporation*, Appellee.

No. 3174.

District of Columbia Court of Appeals.

Argued March 4, 1963.

Decided March 28, 1963.

Booker T. Smalley, Washington, D. C., for appellant. James C. Newton, Washington, D. C., also entered an appearance for appellant.

Joel Savits, Washington, D. C., with whom Samuel Barker, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

Appellee brought suit for and recovered as subrogee of its insured, damages sustained in an automobile accident. The collision occurred when appellant's automobile, driven by her son Clarence, struck the rear of insured's automobile. The question here is whether the evidence was sufficient to overcome the statutory presumption of agency created by the Motor Vehicle Safety Responsibility Act.

Code 1961, § 40–424 provides:

"Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

■■ The section creates a presumption of agency upon proof of ownership and imposes upon the defendant-owner the affirmative duty of proving that at the time of the accident the car was not operated with his express or implied consent.[1] The presumption can be overcome by uncontradicted proof sufficient to destroy the inference supporting plaintiff,[2] and which raises no doubts against the defendant.[3] Mere credible evidence or evidence which is contradictory or subject to contradictory interpretations is not sufficient to overcome the presumption. Rice v. Simmons, D.C. Mun.App., 53 A.2d 587.

Appellant admitted ownership of the automobile and testified that on the evening in question her 18-year-old son Clarence asked permission to use it, which she refused; that in the middle of the night she learned that he had been in an accident, and then discovered that he had taken the keys and registration card from her purse while she was away from her home. Clarence confirmed this. But there were circumstances which left the question of permission open to doubt.

If the trial court had believed the evidence established that Clarence had taken the car without permission, it was required to hold that the statutory presumption had been overcome and rendered inoperative.[4] But in a written opinion the trial court indicated that although appellant's evidence was not expressly contradicted, it was not convincing; that the appearance of the witnesses, their manner of testifying, their fairness and frankness, or lack of these qualities, led the court to conclude that the presumption had not been overcome.

■■ As has many times been said, it was the exclusive function of the trial judge to determine the cogency and persuasiveness of the evidence and to weigh it for credibility, contradictions and evasions. The trial court decided that appellant's evidence was not sufficient to destroy all inferences and doubts, so as to require a verdict in her favor as a matter of law. In testing appellant's evidence against the statutory presumption the trial judge was deciding a question of fact,[5] and we cannot say the decision was wrong as a matter of law.

■■ The judgment requires correction in one aspect. Appellee prayed for damages

1. Rosenberg v. Murray, 73 App.D.C. 67, 116 F.2d 552.

2. Simon v. Dew, D.C.Mun.App., 91 A.2d 214.

3. Hiscox v. Jackson, 75 U.S.App.D.C. 293, 127 F.2d 160.

4. Schwartzbach v. Thompson, D.C.Mun. App., 33 A.2d 624.

5. Love v. Gaskins, D.C.Mun.App., 153 A. 2d 660; Schwartzbach v. Thompson, D. C.Mun.App., 33 A.2d 624.

in the sum of $712.30. Both counsel agreed before this court that the judgment in favor of appellee for $762.30 was mathematically incorrect. We may reduce the amount of a judgment where such error is clear in the record. Group Health Ass'n v. Shepherd, D.C.Mun.App., 37 A.2d 749. Judgment should accordingly be entered in favor of appellee in the corrected sum of $712.30. So modified, the judgment will be

Affirmed.