**EASTERN AQUATICS, INC., Appellant,**

v.

**Emma WASHINGTON, Appellee.**

**No. 3733.**

District of Columbia Court of Appeals.

Argued July 12, 1965.

Decided Sept. 22, 1965.

Ben Cotten, Washington, D. C., for appellant.

Emma Washington, appellee, pro se.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

This action for damages arising out of an automobile collision was filed in the Small Claims Branch of the trial court. On application, we allowed an appeal from a judgment for the plaintiff.[1]

Appellant, a small bakery business, employed one Walker as its supervisor and authorized delivery truck driver. On his deliveries, Walker was assisted by another employee, Charles Johnson, who, according to Walker's testimony, had been explicitly instructed not to drive or operate the delivery vehicle owned by appellant at any time for any reason. On the day in question, however, after Walker left the truck parked on the street with the key in the ignition in order to make a delivery, Johnson, after making his own delivery, drove

1. D.C.Code 1961, §§ 11–741(c), 17–301 (Supp. IV, 1965).

the truck without permission around the block and crashed into appellee's parked automobile.

■ As we have stated many times, if the judgment of the trial court is correct, even though apparently grounded on an erroneous theory, it is our duty to affirm the judgment. In the case before us, therefore, we consider each theory upon which liability could be predicated.[2]

■ It is apparent that under the Financial Responsibility Act, D.C.Code 1961, § 40–424, appellee established a prima facie case by proof that appellant owned the vehicle which collided with her automobile. As we stated in Simon v. Dew, D.C.Mun. App., 91 A.2d 214, 215–16 (1952), "Once the defendant's ownership has been established, the statute creates a presumption of agency which places the burden of proof as to the question of consent upon the defendant-owner." We went on to point out, however: "the defendant-owner overcomes the statutory presumption when he offers uncontradicted proof that the automobile was not at the time being used with his permission. When the presumption is thus overcome, the defendant-owner is entitled to a favorable finding as a matter of law." In the instant case, the uncontradicted testimony was that Johnson's use of the vehicle at the time of the accident was without appellant's permission. It follows, therefore, that appellant's liability, if any, cannot be predicated merely upon ownership of the truck.

■ A second theory which tends to support liability derives from Walker's testimony that he left the vehicle parked on the street, unattended, with the keys in the ignition. In Ross v. Hartman, 78 U.S.App. D.C. 217, 139 F.2d 14, cert. denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080 (1944), the defendant was held liable where an unknown person took his truck, which had been left unattended in a public alley with the key in the switch, in violation of a District of Columbia traffic ordinance, and negligently ran over the plaintiff. The violation constituted negligence per se, and the court concluded as a matter of law that that negligence was the proximate cause of the injury.

It is apparent in the case before us that like the defendant in Ross, Walker violated a traffic ordinance when he left the truck with the keys in it while Johnson was making a delivery. The difficulty with applying Ross here, however, is that when Johnson returned to the truck, it was no longer unattended, and consequently there was no causal connection between the violation, which had ceased, and the subsequent accident. See Lustbader v. Traders Delivery Co., 193 Md. 433, 67 A.2d 237 (1949).

■ Finally, it may be argued that Walker's conduct, without reference to any ordinance or statute, was negligent, and that that negligence is chargeable to the appellant as Walker's employer. That argument, however, is defective. Both Walker and the owner of the business testified that Johnson had been explicitly instructed not to drive or operate the vehicle, and Walker further testified that Johnson had not, to his knowledge, operated the vehicle before, although he had been left in it with the keys in the ignition on previous occasions. Walker, therefore, could not reasonably have anticipated that Johnson would take the vehicle for his own purpose. See Lustbader v. Traders Delivery Co., supra, and Chasin v. Miller, D.C.Mun.App., 94 A.2d 647 (1953).

Reversed.

2. Appellee was not represented by counsel in the trial court or on this appeal.