**AMICAR RENTALS, INC., Appellant,**

v.

**George MOORE, III, et al., Appellees.**

**No. 6311.**

District of Columbia Court of Appeals.

Argued June 26, 1972.

Decided Aug. 15, 1972.

Patrick J. Attridge, Washington, D. C., for appellant.

Edward Jason, Washington, D. C., with whom Robert Cadeaux, Washington, D. C., was on the brief, for appellees.

Before KELLY, GALLAGHER and PAIR, Associate Judges.

PAIR, Associate Judge:

After a trial without a jury, legal liability was imposed upon appellant for personal injuries and resulting damages sustained by appellees, including loss of consortium suffered by appellee Josephine Moore, as consequences of an automobile accident in the District of Columbia on October 27, 1968. The vehicles involved were an automobile owned by appellant and operated by its lessee, Howard Anthony Richardson, and an automobile owned by the District of Columbia government and operated by appellee George Moore, III, a police officer, in discharge of his official duties. Appellee Glenn C. Hoppert, also a police officer, was a passenger in the District vehicle.

Two contentions are made on this appeal but we consider only one, i. e., that appellant's automobile was not, at the time of the accident, operated with appellant's consent for purposes of the District of Columbia Financial Responsibility Act.[1] Finding this contention to be meritorious, we reverse.

Appellant operates a car rental agency in Wheaton, Maryland, and the automobile involved with the District vehicle in the accident was, on August 16, 1968, rented by appellant to Howard A. Richardson, then a District of Columbia resident, for the peri-

1. D.C.Code 1967, § 40–424.

od commencing on that day and ending August 19, 1968. Richardson did not return the automobile on August 19th; in fact, he never returned the automobile.

On September 20, 1968, appellant complained against Richardson to the Montgomery County Police Department, at its headquarters in Rockville, Maryland, and a warrant was issued for Richardson's arrest charging him with a "Rental Car Violation (Fail to return)." The Montgomery County police reported the incident to the Maryland State police headquarters and, on the same day, the report was transmitted by "State of Maryland teletype."[2] Richardson was never apprehended and the automobile was not recovered prior to October 27, 1968.

By D.C.Code 1967, § 40–424, it is provided that when any automobile is operated in the District of Columbia "with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner", and proof of ownership of such automobile is prima facie evidence that it was being operated with the owner's consent. However, as pointed out in Jones v. Halun, 111 U.S.App.D.C. 340, 341, 296 F.2d 597, 598 (1961), the statute creates only a rebuttable presumption, and

> when substantial evidence of nonconsent is introduced, the presumption ceases to operate. Mere ownership is then no longer sufficient proof of consent, either as a matter of sense or as a matter of law. . . .

See also Rosenberg v. Murray, 73 App.D. C. 67, 116 F.2d 552 (1940); Eastern

Aquatics, Inc. v. Washington, D.C.App., 213 A.2d 293, 294 (1965); District of Columbia v. Abramson, D.C.Mun.App., 148 A. 2d 578, 580 (1959); Conrad v. Porter, D. C.Mun.App., 79 A.2d 777, 779 (1951), aff'd, 90 U.S.App.D.C. 423, 196 F.2d 240 (1952).

Here the facts are not in dispute. Appellant on August 16, 1968, rented the automobile to Richardson for the period ending August 19, 1968. On September 20, 1968, the automobile not having been returned, appellant complained against Richardson to the Montgomery County police who issued a warrant for Richardson's arrest for a "Rental Car Violation."[3] Notwithstanding the filing of the criminal complaint, the trial court found that when, on October 27, 1968, the accident occurred, the automobile was being operated with appellant's consent. The court reasoned that because appellant, by the rental agreement, gave express consent to the operation of the automobile, its failure after the expiration of the rental period to report the "Rental Car Violation" to the District police and to take other steps to recover the automobile,[4] constituted an implied consent to Richardson's continued operations.

We disagree. Viewed in the light of standard police practice, the filing of the criminal complaint (Rental Car Violation) on September 20, 1968, was, in our opinion, sufficient to rebut any presumption of consent which existed by reason of the car rental agreement. The conclusion is therefore compelled that, absent some showing that the complaint was withdrawn, there was no consent—express or implied—to Richardson's operation of the automobile on October 27, 1968. Moreover, we are un-

---

2. The testimony of a representative of the Montgomery County police was that the Maryland State Police teletype system is used in cases involving stolen motor vehicles and the failure to return rented motor vehicles.

3. In their reply to appellant's post-trial motion, appellees stipulated to appellant's proffered testimony that upon receipt of any such report the Maryland State police

notify (by teletype) the District of Columbia and other adjoining jurisdictions within a matter of hours.

4. Appellees' counsel stipulated also to appellant's proffer of testimony that before filing the "stolen car report" with the Montgomery County police, unsuccessful efforts were made to reach Richardson at two telephone numbers in the District of Columbia.

able to agree that appellant having reported the violation to the Maryland police was, after September 20, 1968, under any further legal obligation to report the "Rental Car Violation" to the police department of the District of Columbia, or that appellant was otherwise negligent in failing to locate Richardson and recover the automobile.[5] *Cf.* Normand v. Hertz Corp., 211 So.2d 382 (La.App.1968).

The trial judge seems to have thought that alternatively appellant was liable under the theory of negligence involved in Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14 (1943), cert. denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080 (1944). In that case, the agent of the owner of an automobile parked it in a public place and, in violation of a traffic regulation,[6] left the ignition unlocked and the key in the ignition switch. Sometime thereafter the automobile was stolen and operated by the thief in such a negligent manner as to cause injuries to a pedestrian. Holding that the owner must respond in damages for the injuries, the court overruling Squires v. Brooks, 44 App.D.C. 320 (1916), declared that violation of the traffic regulation, intended as it was to promote public safety, was negligence as a matter of law. *See also,* in this connection, Gaither v. Myers, 131 U.S.App.D.C. 216, 404 F.2d 216 (1968).

We are unable to see any application whatsoever of the holding in that case to the facts disclosed by this record. It is a first principle that liability for negligence is predicated upon the breach of some legal duty and, as we pointed out above, appellant discharged its duty when, on Septem-

ber 20, 1968, it made a criminal complaint against Richardson for a "Rental Car Violation" and thereby withdrew any implied consent to the operation of the automobile which may have then existed.

Reversed with directions to enter judgment for appellant.

5. At the trial, appellees' counsel represented to the court with respect to his efforts to locate Richardson that "[n]o one has been able to find him, no one has been able to reach him. I have tried. I have had credit reports written on him; I have done everything I could to find him."

6. "TRAFFIC AND MOTOR VEHICLE REGULATIONS. PART I, RULES OF THE ROAD. ARTICLE XIV. MISCELLANEOUS. Sec. 98. Unattended Motor Vehicle.
    No person driving, or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway."