Thomas P. **ATHRIDGE, Jr.**, Appellant,

v.

Francisco **RIVAS, et al.**, Appellees.

Nos. 01–7185, 01–7186.

United States Court of Appeals, District of Columbia Circuit.

Dec. 17, 2002.

Erik S. Jaffe was on the brief for appellants. William J. Rodgers entered an appearance.

David F. Grimaldi was on the brief for appellees.

Before: GINSBURG, Chief Judge, and EDWARDS and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

Thomas Athridge, who was struck by a driver operating a car owned by the appellees, seeks to impose vicarious liability on the appellees on the theory that they expressly or impliedly consented to the driver's use of their car. Under the District of Columbia Motor Vehicle Safety Responsibility Act ("MVSRA"), D.C.CODE § 50-1301.08, proof of ownership of a car is prima facie evidence that a driver operated the car with the owner's permission, and the defendant bears the burden of proving non-consent. The District Court granted summary judgment for the appellees, holding that the appellees had overcome the statutory presumption of consent. We reverse.

The appellees' evidence of non-consent was contradicted by the appellants' evidence of implied consent. Therefore, because there is a genuine issue of material fact, the District Court erred in granting summary judgment. The weighing of evidence and the drawing of legitimate inferences from disputed facts are jury functions, not those of a judge. On the record at hand, it cannot be held that, as a matter of law, the appellees have presented evidence sufficient to overcome the statutory presumption. The District Court should have allowed a jury to weigh the evidence. Accordingly, we reverse the judgment of the District Court and remand the case for further proceedings.

## I. BACKGROUND

In July 1987, Francisco and Hilda Rivas went on an extended vacation, arranging for Jorge Iglesias, the 17-year-old son of Mrs. Rivas' first cousin, to mow their lawn while they were away from home. In the Rivases' absence, Iglesias, who did not have a driver's license, entered their house, found the keys to their car, and

went for a drive. The car was titled to Churreria Madrid Restaurant, a partnership then owned by the Rivases. Iglesias accidentally struck and seriously injured his friend Tommy Athridge.

On May 4, 1989, Athridge and his father filed a suit in the District Court against Iglesias, Francisco Rivas, and the restaurant, alleging that Iglesias' negligence caused the injuries. Four months later, GEICO, the Rivases' insurance carrier, sued Francisco Rivas, the restaurant, and Iglesias in D.C. Superior Court, seeking a declaratory judgment that Iglesias' use of the car was without the owners' permission, and that therefore GEICO was not liable for any judgment that may be rendered against Rivas, the restaurant, or Iglesias. On March 7, 1990, GEICO, for reasons not contained in the record, moved to dismiss its own case against Rivas and the restaurant with prejudice, and the motion was granted. GEICO continued to pursue its claim against the driver Iglesias. On June 6, 1990, the D.C. Superior Court granted summary judgment for GEICO on the issue of non-coverage of Iglesias. *See* June 6, 1990 Order, *reprinted in* Joint Appendix 75. This judgment did not purport to implicate the Athridges or the Rivases.

On August 12, 1992, the Athridges filed additional complaints in the District Court against Hilda Rivas, Iglesias' parents, and Aetna, the insurance carrier of Iglesias' parents. The District Court consolidated these three new actions with the original lawsuit. The District Court then dismissed the claims against all defendants except Iglesias. On November 8, 1996, after a bench trial, the District Court found Iglesias liable for negligence and awarded the Athridges a $5.5 million judgment. *See Athridge v. Iglesias,* 950 F.Supp. 1187, 1190-94 (D.D.C.1996).

The Athridges appealed the District Court's grant of summary judgment for the Rivases, Iglesias' parents, and Aetna. This court affirmed the grant of summary judgment for Iglesias' parents and Aetna, reversed the grant of summary judgment for the Rivases, and remanded the case to the District Court. *See Athridge v. Rivas,* 141 F.3d 357, 364 (D.C.Cir.1998).

On remand, the Athridges moved for partial summary judgment. They argued that the D.C. Superior Court's dismissal with prejudice of GEICO's claim against the Rivases should be deemed a determination that Iglesias had the Rivases' permission to drive the car, and that this determination precluded the Rivases from relitigating the issue of permission. They also argued that the Rivases were precluded from contesting damages, which had already been determined in the Athridges' lawsuit against Iglesias. On November 14, 2000, the District Court denied the Athridges' motion for summary judgment. It held that the Superior Court's dismissal with prejudice of GEICO's claim against the Rivases could not be deemed to have determined that the Rivases gave Iglesias permission to use the car. *See Athridge v. Iglesias,* Nos. 89-1222 & 92-1868, 2000 WL 1780273, at 2 (D.D.C. Nov.14, 2000). Therefore, the District Court held that the Rivases were not precluded from arguing that Iglesias' use of their car was non-permissive. The District Court declined to reach the issue of whether the Rivases were precluded from relitigating the question of damages that had previously been resolved in the suit against Iglesias, since there was no reason to reach the issue until the Rivases' liability was first established. *See id.* at 5.

The Rivases then filed a motion for summary judgment on the ground that they were not liable as a matter of law under the MVSRA. The statute provides that,

when a vehicle is operated by a person other than the owner, "proof of ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner." D.C.CODE § 50-1301.08. The Rivases claimed that Iglesias' use of the car was non-permissive. The Athridges opposed the motion and filed a cross-motion for partial summary judgment. On October 15, 2001, the District Court granted the Rivases' motion, finding that they had met their burden of proving that they did not consent to Iglesias' use of their car, by presenting uncontradicted and conclusive evidence of non-consent, including the testimony of both Iglesias and the Rivases. *See Athridge v. Rivas*, 167 F.Supp.2d 389, 394 (D.D.C.2001). The District Court rejected the Athridges' arguments that there was consent and rejected their motion for summary judgment. *See id.* at 395-98. The Athridges now appeal the District Court's judgment in favor of the appellees.

## II. ANALYSIS

This court reviews the District Court's grant of summary judgment *de novo*. *Ass'n of Flight Attendants, AFL-CIO v. USAir, Inc.*, 24 F.3d 1432, 1436 (D.C.Cir. 1994). Summary judgment may not be granted if the record reveals genuine issues of material fact. *Goldman v. Bequai*, 19 F.3d 666, 672 (D.C.Cir.1994). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ... on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

■ Under the MVSRA, proof of ownership of a car is prima facie evidence that the driver operated the car with the owner's permission. This creates a rebuttable presumption that the owner consented to

the use of the car, a powerful presumption that can only be overcome by "uncontradicted and conclusive evidence" of non-consent. The defendant has the heavy burden of establishing non-consent. *See Gaither v. Myers*, 404 F.2d 216, 218 (D.C.Cir.1968) (holding that the presumption of consent "will support a jury verdict and judgment for the plaintiff unless the defendant demonstrates nonconsent by 'uncontradicted' and 'conclusive' evidence") (citing *Hiscox v. Jackson*, 127 F.2d 160 (D.C.Cir.1942); *Rosenberg v. Murray*, 116 F.2d 552 (D.C.Cir.1940)).

■ Under District of Columbia law, an automobile owner is entitled to judgment as a matter of law if he or she asserts *without contradiction* that the vehicle was taken and used without consent. "'If the presumption is overcome by uncontradicted proof – and this may be done by the positive testimony of the owner – the defendant is entitled to a directed verdict as a matter of law.'" *Love v. Gaskins*, 153 A.2d 660, 662 (D.C.Mun.App.1959) (quoting *Stumpner v. Harrison*, 136 A.2d 870, 871 (D.C.Mun.App.1957)). In other words, if the owner's testimony of non-consent is uncontradicted and the statutory presumption has been overcome, then there is no issue to be submitted to a jury and judgment must be granted in favor of the defendant. *See Curry v. Stevenson*, 26 F.2d 534, 536 (D.C.Cir.1928); *Miller v. Imperial Ins. Inc.*, 189 A.2d 359, 360 (D.C.App.1963). But if the plaintiff proffers facts to discredit the defendant's evidence of non-consent, then the issue must be submitted to a jury. *Alsbrooks v. Washington Deliveries, Inc.*, 281 A.2d 220, 221 (D.C.1971) ("Any contradiction or inconsistency found in the owner's proof prevents a directed verdict....").

In the instant case, the owners and the driver both asserted that no consent was given. However, while this evidence sup-

ports the defendants' claim that Iglesias drove the car without the owners' consent, it is neither "uncontradicted" nor "conclusive." The appellants convincingly contend that the record is inconclusive on the question of consent, because there is evidence indicating that the Rivases may have given Iglesias their consent to use the automobile. The appellants are correct on this point.

The appellants point to several facts that support the conclusion that Iglesias acted with the owners' consent. The appellants first argue that an inference can be drawn that Iglesias drove the owners' car in the past, because of his facility with a stick-shift vehicle. The appellants contend that this inference is strengthened by the fact that Iglesias claimed to have driven the car in the past, and also by the fact that Iglesias was seen on a different occasion driving another car belonging to the Rivases' son. Second, the owners and Iglesias are relatives, which might· raise doubts about their veracity on the matter of consent. Third, the Rivases did not press charges against Iglesias for unauthorized use of the vehicle after the accident, and this failure is arguably inconsistent with a claim that the car was used without consent. Fourth, the Rivases allowed Iglesias access to their house while they were away and left the car keys available therein. Finally, the appellants suggest that the non-consent testimony is less than categorical, since Francisco Rivas could not read English when he signed an affidavit asserting that no consent was given.

These facts do not constitute conclusive evidence of express or implied consent. They do, however, raise a "genuine issue of material fact" regarding consent. The District Court found otherwise, reasoning that no reasonable jury could return a verdict for the plaintiffs: "The implausibility that [the Rivases], without any rea-

son, would have ever consented to such a remarkable, extraordinary, and dangerous use of their car while they were out of the country requires that plaintiffs' evidence of consent amount to more than dubious inferences to be 'significantly probative.'" *Athridge,* 167 F.Supp.2d at 392-93 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)). The District Court's judgment is based on the erroneous conclusion that there are no genuine issues of material fact on the question of consent. As indicated above, the record is inconclusive on the question of consent, because there is evidence indicating that the owners may have given Iglesias consent to use their automobile. This evidence also calls into question the credibility of the driver's and the owners' testimony on nonconsent. Therefore, the defendants have not demonstrated non-consent by "uncontradicted" and "conclusive" evidence necessary to support a judgment as a matter of law.

In short, the District Court was obliged to submit the case to a jury. The factual assertions offered by the appellants weighed against the consent to which the owners and the driver had testified, and clearly raised a genuine issue of material fact. The evidence was insufficient to justify a judgment as a matter of law for either side. The District Court therefore should have allowed a jury to weigh the evidence to determine whether the defendants' evidence of non-consent is sufficient to overcome the statutory presumption of consent.

In reaching this conclusion, we reject the appellants' contention that *they* are entitled to judgment as a matter of law based on the statutory presumption. As noted above, the defendants' assertions of non-consent are sufficient to send the case to a jury. In an effort to avoid this result,

the appellants argue that the Rivases should be precluded from arguing that Iglesias' use of their car was non-permissive, because the D.C. Superior Court dismissed with prejudice GEICO's claim against the Rivases. We reject this contention. In dismissing the claim against the Rivases, the Superior Court never made any findings on the question of consent in conjunction with that claim. Although a "judgment dismissing [a] previous suit with prejudice bars a later suit on the same cause of action," a judgment "unaccompanied by findings . . . [does] not bind the parties on any issue . . . which might arise in connection with another cause of action." *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955) (internal quotation marks omitted). Therefore, we hold that the Superior Court dismissal cannot have preclusive effect on the issue of consent in the instant case.

Appellants also claim that they are entitled to partial summary judgment on the issues of Iglesias' negligence and damages, based on the preclusive effect of the $5.5 million judgment against Iglesias. The District Court declined to reach this issue until the Rivases' liability was first established. We therefore leave that issue for resolution by the District Court in the first instance.

### III. CONCLUSION

We reverse the District Court's judgment for the appellees and remand this case for further proceedings consistent with this opinion.