**Karen STAMOS, Plaintiff–Appellant,**

**v.**

**GLEN COVE SCHOOL DISTRICT, Defendant–Appellee.**

**No. 02–9300.**

United States Court of Appeals, Second Circuit.

Oct. 24, 2003.

---

John L. Ciarelli, Riverhead, NY, for Appellant.

Brendan T. Fitzpatrick, Albertson, NY, for Appellees.

Present: JACOBS, LEVAL, and POOLER, Circuit Judges.

## SUMMARY ORDER

We assume familiarity with the facts, the prior proceedings, and the arguments raised on appeal.

We review the district court's grant of a summary judgment pursuant to a *de novo* standard. *See Athridge v. Rivas*, 312 F.3d 474, 477 (D.C.Cir.2002).

A. The ADEA Claim. Stamos' ADEA claim rests upon the assertion that she failed to receive a transfer to a middle school teaching position, while such transfers were given to younger teachers. She claims repeatedly that the School District has admitted that, as a general matter, transfers between schools are "routinely" granted. But the record simply does not support this assertion. In support of it, Stamos cites, without quoting, a portion of the deposition of the School District's Assistant Superintendent of Personnel. But the most this official says is that "I would keep a file for any teacher who would request a transfer, voluntary transfer, and if there was an opportunity to transfer the

person and if everybody agreed, we would transfer the person." This is something less than a declaration that transfer requests were "routinely" granted, and Stamos cites nothing else in support of the assertion that such was the case.

As to the specific transfer she requested, Stamos points to the fact that three younger teachers were granted transfer to middle school positions contemporaneously with her request. But the district court explained that these transfers are not problematic because two of the individuals had greater seniority than Stamos, and one was transferred pursuant to the contractual requirements between the School District and the local teachers union.

B. The ADA Claim. While we affirm the district court's dismissal of Stamos' ADA claim, we do so for different reasons. The district court held that Stamos has failed to make out a prima facie case under the ADA because after the first day of the 1997–98 school year, she declared that she "was completely unable to work." Therefore, the district court concluded, there was nothing the School District could do to reasonably accommodate Stamos' disability. But Stamos claims that her request for a transfer to a middle school teaching position was itself a request for a reasonable accommodation.

■ Even granting this, however, and even assuming that Stamos has sufficiently pled that she is or was disabled, her ADA claim fails. Stamos asserts that there is only one way the School District could have reasonably accommodated her disability: granting her request that she be transferred to a middle school teaching position. But, as already noted, Stamos cannot show that there existed a middle school position to which she was entitled on the basis of her seniority and qualifications. Barring a showing of extraordinary circumstances, the ADA does not require an employer to disregard the entitlements of other employees in order to offer a reasonable accommodation to a disabled employee. See U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 405, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002) (employer's showing that fulfillment of reasonable accommodation would require violation of employer's seniority system "is by itself ordinarily sufficient" to defeat ADA claim); Felix v. New York City Transit Auth., 324 F.3d 102, 107 (2d Cir.2003) ("The ADA mandates reasonable accommodation of people with disabilities ...; it does not authorize a preference for disabled people generally."). Thus, because Stamos cannot use the ADA to trump the transfer requests of other teachers, summary judgment was properly granted on this claim.

■ C. The Retaliation Claim. Stamos' retaliation claim is restricted to the assertion that the School District requested that she submit to a physical examination after she informed it that she was requesting a transfer as a reasonable accommodation under the ADA. As the district court correctly held, however, the School District is specifically empowered under New York Education Law Section 913 to request the examination. Stamos' assertions that there was something suspect about the request since the School District had "never before, or since, demanded any other teacher, on sick leave for any period of time, to undergo" a Section 913 examination are not sufficient to undermine a statutory mandate allowing the School District to request the examination.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.