Thomas P. ATHRIDGE
et al., Plaintiffs,

v.

Jorge IGLESIAS et al., Defendants.

Thomas P. ATHRIDGE
et al., Plaintiffs,

v.

Hilda RIVAS, Defendant.

Nos. CIV.A.89–1222 JMF,
CIV.A.92–1868 JMF.

United States District Court,
District of Columbia.

Jan. 12, 2005.

Charles Belsome Long, William Joseph Rodgers, Collier Shannon Scott, PLLC, Joseph Hayes Koonz, Jr., Koonz, McKenney, Johnson, Depaolis & Lightfoot, Michael H. Selter, Manelli, Denison & Selter, Washington, DC, Martin Stanley Protas, Rockville, MD, Lisa Rene Riggs, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, OK, for Plaintiffs.

Irving Starr, Richard Edward Starr, Alexandria, VA, Alan Russell Siciliano, Decaro, Doran, Siciliano, Gallagher & Deblasis, L.L.P., Lanham, MD, David F. Grimaldi, Martell, Donnelly, Grimaldi & Gallagher, P.A., Washington, DC, for Defendants.

### MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

At trial, a crucial question arose concerning how the jury should be instructed as to the significance of the rebuttable presumption created by the Motor Vehicle Safety Responsibility Act ("MVSRA"), D.C.Code § 50–1301.08. This issue is complicated and made no clearer by the serious dispute as to the significance of various presumptions that the law creates. *See* David W. Louisell, *Construing Rule 301; Instructing the Jury on Presumptions in Civil Actions and Proceedings,* 63 Va. L.Rev. 281 (1977).

In this case, the law of the District of Columbia provides the rule of decision and creates the following rebuttable presumption: once ownership of a car has been established, it is presumed that the driver operated the car with the owner's consent, express or implied. Under Federal Rule of Evidence 302, the effect of this presumption is determined by state law, and thus the federal rules provide no guidance on this issue.

■ We know from the decision rendered in this very case that, in assessing whether a defendant's motion for summary judgment should be granted, the MVSRA creates "a powerful presumption [of the owner's consent to drive the car] that can only be overcome by 'uncontradicted and conclusive evidence' of non-consent." *Athridge v. Rivas,* 312 F.3d 474, 477 (D.C.Cir. 2002) (citing *Gaither v. Myers,* 404 F.2d 216, 218 (D.C.Cir.1968)). If, therefore, the defendants produce uncontradicted evidence of non-consent, the statutory presumption is overcome, and there is no issue to be submitted to a jury; instead, judgment must be entered in favor of the defendants. *Id.* If defendants' evidence is contradicted, however, the issue must be determined by the jury. *Id.* As noted by the D.C. Circuit, in this case, defendants' assertions of non-consent were sufficient to send this case to a jury. *Id.* at 478–79.

Thus, the question arises: when consent is disputed, and there is evidence of both consent and non-consent, what is the standard by which the jury must evaluate the evidence?

Plaintiffs argue that defendants bear the burden on the consent issue and that defendants must prove by "uncontradicted and conclusive evidence" that they did not consent to Jorge's use of the car. In their proposed jury instructions, defendants seemed to be of the view that, once they produced substantial evidence of non-con-

sent, the statutory presumption ceased to operate, and the burden would shift back to plaintiffs to prove consent by a preponderance of the evidence. However, during opening and closing statements, defense counsel indicated that defendants had the burden of proof, and during the charge conference, defendants made no objection to the court's proposed instructions, which placed the burden of proving non-consent on the defendants. Thus, defendants' position at trial was that, when the case went to the jury, the burden of proof remained with defendants, but they only needed to demonstrate non-consent by a preponderance of the evidence. After reviewing the case law, it is clear that: (a) defendants bear the burden of proving non-consent, and (b) they must do so by a preponderance of the evidence.

In *Green v. District of Columbia Department of Employment Services,* 499 A.2d 870, 874 (D.C.1985), the D.C. Court of Appeals discussed the "bursting bubble" theory of presumptions and determined whether a certain rebuttable regulatory presumption vanished once the opponent offered evidence against the fact presumed. The *Green* court stated that, while the bursting bubble theory was the prevailing view, there are exceptions, especially when the presumptions are founded on strong social policies. *Green,* 499 A.2d at 874. The court went on to state that such presumptions "impose on the parties against whom they operate not only the burden of production but the burden of persuasion as well." *Id.* The court then stated that "other presumptions buttressed by weighty social policies have been held to operate to fix the burden of persuasion on the party controverting the presumed fact: *e.g.,* ... the statutory presumption that the owner of a motor vehicle has consented to the operator's use...." *Id.* at 874–75. In support, the court cited *Alsbrooks v. Washington Deliveries, Inc.,* 281 A.2d 220, 221 (D.C.1971), *Eastern*

*Aquatics, Inc. v. Washington,* 213 A.2d 293, 294 (D.C.1965), *Joyner v. Holland,* 212 A.2d 541, 542 (D.C.1965), *Miller v. Imperial Insurance, Inc.,* 189 A.2d 359, 360 (D.C.1963), and *Farrall v. Ellis,* 157 A.2d 127, 128 (D.C.1960). In each of these cases discussing the MVSRA and the effect of its presumption, the D.C. Court of Appeals stated that, while uncontradicted proof of nonconsent would entitle the defendant to a *directed verdict,* in the absence of such evidence, "the trier of fact must assume its usual role of resolving the conflict presented." *Alsbrooks,* 281 A.2d at 221. *See also Eastern Aquatics, Inc.,* 213 A.2d at 294; *Farrall,* 157 A.2d at 128; *Joyner,* 212 A.2d at 542; *Imperial Ins., Inc.,* 189 A.2d at 360. Thus, the cases cited by the *Green* court clearly indicate that, in order to secure a directed verdict in their favor, defendants must overcome the statutory presumption by "uncontradicted and conclusive evidence." If they fail to meet that standard and instead offer substantial evidence of non-consent, as was the case here, the issue is one for the jury to decide according to the usual standards regarding burden of proof. *Curtis v. Cuff,* 537 A.2d 1072, 1077 (D.C.1987). Accordingly, the jury must be instructed to make its determination based on the preponderance of the evidence.

That being said, there still remains the question of which party bears the burden of persuading the jury by a preponderance of the evidence. In *Jones v. Halun,* 296 F.2d 597, the D.C. Circuit stated that, "when substantial evidence of nonconsent is introduced, the presumption ceases to operate. Mere ownership is then no longer sufficient proof of consent, either as a matter of sense or as a matter of law. *The plaintiff* has the burden of proof and it is necessary that the evidence show the owner consented." *Jones v. Halun,* 296 F.2d 597, 598 (D.C.Cir.1961) (emphasis added). *See also Amicar Rentals, Inc. v. Moore,*

294 A.2d 361, 362 (D.C.1972). Thus, according to *Jones,* if the presumption is not overcome by uncontradicted proof of nonconsent, the question is one for the jury, and bubble bursting having occurred, plaintiff has the burden of proof. *Jones,* 296 F.2d at 598.

The problem with the 44–year–old decision in *Jones* and its reading of the MVSRA is that the subsequent decision in *Green,* in 1985, distinguishes between presumptions founded on strong social policies and others and says of the former that they shift the burden of persuasion as well. That more recent statement is consistent with the compelling argument that the bubble bursting theory, by eliminating absolutely any and all burden-shifting upon the receipt of evidence that contradicts the presumption, may nullify the social policy that animated the creation of the presumption in the first place. Louisell, *supra,* at 312. Furthermore, if the receipt of contradictory evidence in itself defeats the presumption and shifts the burden of proof back to the plaintiff, I fear that I will not be faithful to the court of appeals' indication that the the MVSRA creates a "powerful presumption," *Athridge,* 312 F.3d at 477,[1] and the legislature's intention to promote a strong social policy by providing plaintiffs with the benefit of a presumption in their favor. In this case, if the denial by Jorge and the Rivases in itself forced plaintiffs to bear the burden of proving that which they deny, the presumption is neither powerful nor does its existence have any effect if the case is resolved by a finder of fact, rather than as a matter of law.

I have therefore concluded that I must instruct the jury that, unless the defendants establish that it is more likely than not that Jorge did not have the consent of the Rivases to drive the car, their verdict should be for the plaintiffs.

The instruction I will give follows:

Under District of Columbia law, the owner of a motor vehicle is liable for any negligence of the person driving the vehicle, if the driver has the owner's express or implied consent. The Motor Vehicle Safety Responsibility Act, D.C.Code § 50–1301.08, states as follows:

> Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.

In this case, plaintiffs contend that defendants consented to Jorge Iglesias' use of their car. Plaintiffs make no claim that the defendants gave their express consent to Jorge to drive their car. Instead, plaintiffs claim that the defendants gave their implied consent for Jorge to drive their Jetta.

Implied consent may be inferred from one's conduct rather than one's direct expression. The conduct may occur before or after the accident. In determining whether there was implied consent, you should consider all the facts of the case bearing on the use of the car and the relationship of the owner and the driver.

---

1. It should also be noted that, although it was in the context of reviewing the trial court's decision to grant summary judgment in favor of the defendants, the D.C. Circuit stated that "[t]he defendant has the heavy burden of establishing non-consent." *Athridge,* 312 F.3d at 477.

234

You may find that the owners gave implied consent to the driver if, under the circumstances, a reasonable person would conclude that they gave their consent. Such implied consent may be inferred from acts or words indicating to a reasonable person that that person had consent to use the vehicle.

As indicated above, District of Columbia law states that, whenever one person drives another person's car on the streets of the District of Columbia, proof of ownership of the car creates a rebuttable presumption that the driver operated the car with the owners' express or implied consent. Thus, once ownership is proven, the owner of the car must prove that the person driving the car did not have the owner's consent. Since it is not disputed that the defendant Rivases own the Jetta that Jorge was driving, they have the burden of proving by a preponderance of the evidence that they did not give Jorge their consent to drive the car.

Thus, if you find that it is more likely than not that Jorge had the Rivases' consent to use their car, then your verdict should be for the plaintiffs. In addition, if you find that the evidence that Jorge did not have the Rivases' consent is equally balanced with the evidence that he did, your verdict should be for the plaintiffs. This is because, under the law, his use of the car in itself permits you to conclude that he had the owner's consent to use the car unless the owner of the car convinces you that he did not. On the other hand, if you find that the defendants have established by a preponderance of the evidence that they did not consent to Jorge's use of the car, then your verdict must be for the defendants.